DAVIS, *in equity, versus* ROGERS & *al.*

In a bill in equity to reform a conveyance of real estate, on the ground of an accident or mistake, the persons, under whom the defendant claims by deeds of warranty, made since the mistake or accident is alleged to have occurred, must be made parties.

The bill is defective, unless it contain an allegation that the grantees in such deeds purchased with notice of the mistake or accident.

Of the want of such an allegation, and of the want of requisite parties, advantage may be taken on general demurrer.

BILL IN EQUITY.

The allegations of the bill are in substance as follow : —

In April, 1832, Ephraim Watson was owner of the west half of lot No. 20. He then gave one Hamilton a bond to convey the same to him on the payment of a stipulated sum.

Subsequently, but at what time the plaintiff is ignorant, Watson, by the consent of Hamilton, agreed by bond to convey to James McNally, five acres off· of the south end of said west half of the lot, but the plaintiff does not know that the writings between Watson and Hamilton were altered.

Thereupon McNally went into the occupation of the five acre lot ; cleared it up, fenced it, and erected valuable buildings upon it ; and Hamilton went into the occupation of the remainder of the said west half of the lot.

Hamilton, not being able to pay for the remainder of said west half without assistance, induced Calvin Copeland to pay Watson, in whole or in part ; and it was agreed between the three, that Watson should convey the same to Copeland, who should hold it in trust for Hamilton, and convey it to him on receiving the sum by him advanced and interest. Thereupon Watson, on the 29th of July, 1840, gave Copeland a deed of the whole of the west half of No. 20, including, by mistake, the five acre lot. Copeland held the deed in trust for Hamilton, who continued to occupy the same, except the five acres, and he did not occupy or pretend to have any right to the five acres, but the same was before and after in the occupation of McNally, under the bond given him by Watson.

Davis *v.* Rogers.

Copeland afterwards conveyed the west half of No. 20 to Hamilton, but Hamilton did not claim nor occupy the five acre lot, well knowing of the mistake, and not intending to take any advantage of it.

On or about the 14th June, 1847, Hamilton, for a stipulated sum, agreed to convey to the defendant Rogers that part of the west half of lot No. 20, which he really owned, not including the five acres. The boundaries were pointed out to Rogers, and were well understood by him. Rogers neither bargained for, nor paid for, nor understood that he was to have any part of the five acre lot. But the deed from Hamilton to Rogers, dated 14th June, 1847, and recorded, embraces the five acre lot, by accident and mistake.

McNally, not being able to perform the condition of his bond, abandoned the land, and Watson gave a bond of the same to one Hiram Watson, and afterwards died. Said Watson's administratrix, being duly licensed by the Judge of Probate, conveyed the five acres to Hiram Watson, he having performed the condition of his bond.

Hiram Watson then conveyed the five acre lot to the plaintiff by deed.

Rogers conveyed the whole of the west half of lot No. 20 to the other defendants in mortgage or as security for money borrowed. The other defendants seek to derive no advantage from the mistake, and have been defaulted. Rogers fraudulently intends to hold and convey away the five acre lot.

The deeds were all duly recorded.

Plaintiff asks for discovery and relief, the correction of the mistake, and a perpetual injunction upon the defendants, to restrain them from conveying the five acre lot, and from exercising any acts of ownership over it.

Defendant Rogers demurs generally to the bill, and plaintiff joins.

*Hutchinson,* in support of the demurrer.

The bill alleges that Watson agreed by bonds to convey the lot to Hamilton, and also to convey five acres to McNally. There is no allegation, that when Watson, some years after-

Davis *v.* Rogers.

wards, conveyed the land to Copeland, those bonds were in force. The inference is, that they had been forfeited by non-performance of their conditions.

The plaintiff claims no title under Hamilton or McNally. He is therefore a stranger to their transactions, nor does the bill allege that Copeland, under whom the defendant holds, had any notice of any bonds given to Hamilton or McNally. He could therefore convey a valid title even to Hamilton. *Whitman* v. *Weston,* 30 Maine, 285.

Rogers, the defendant, was a purchaser without notice of the pretended mistake or accident, and therefore cannot be affected thereby.

Ephraim Watson conveyed to Copeland, under whom the defendant claims.

The plaintiff claims under Hiram Watson. But Hiram's claim, which was under the representative of Ephraim, must be estopped by Ephraim's prior conveyance to Copeland.

The requisite parties are not before the Court. Hamilton and Copeland ought to be made parties.

If there be any rights in the plaintiff, there is for him a clear and adequate remedy at law.

The ¦plaintiff is a purchaser, with notice of the prior conveyances, as they had been a long time recorded.

*Abbott,* for the plaintiff.

Shepley, C. J. — The plaintiff seeks discovery and relief, by the correction of alleged mistakes, made in conveyances of the west half of a lot of land numbered twenty, in the third range, in the town of Cambridge.

A demurrer to the bill has been filed by the defendant Rogers.

It appears, that Ephraim Watson conveyed the land to Calvin Copeland, who conveyed the same to Foss Hamilton, who conveyed the same to the defendant Rogers. It is alleged, that mistakes were made in these conveyances, by including five acres to be taken from the south end of the lot, which

James McNally had contracted to purchase, and upon which he had entered, and erected buildings.

Ephraim Watson, it is alleged, has deceased. Calvin Copeland and Foss Hamilton are not made parties. No correction of the alleged mistakes can be made, without proof of their knowledge of them; nor can a correction of their conveyances be made, or their rights be affected, unless they have an opportunity to be heard, by being made parties to the bill.

*Demurrer allowed.*

Leave to amend was thereupon granted, and the action was continued.