JOHN A. McDONALD, APPELLANT, vs. A. B. RUSSELL, APPELLEE.

Where it is charged in the bill filed for the purpose of subjecting certain land to sale under an execution against M., that the property had been purchased by M. of one S. who had conveyed it to B. in trust for and at the instance of M., in fraud of the judgment creditor, but no privity is charged against S.: *Held,* that S. is not a necessary party to the suit.

Appeal from the Circuit Court for Orange county.

The facts of the case are stated in the opinion of the court.

*Thomas Emmett Wilson* for Appellant.

*W. J. Barnett* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

The bill charges that Russell obtained several judgments against appellant upon which execution had been issued, and that appellant had purchased of H. S. Sanford certain real estate, but that at the instance of appellant Sanford had conveyed the property to McDonald, and afterwards executed a deed of the same to one Boyd, a co-defendant named in the bill, and that Boyd held the land in fraud of the rights of complainant, and prays that it should be subjected to the payment of the judgments. No fraud is charged against Sanford, nor any other fact, except that the land was conveyed by him to Boyd. The defendant Boyd demurred to the bill upon the sole ground that Sanford was a necessary party to the suit, according to the statements of the bill. The Circuit Judge overruled the demurrer, and from this order McDonald appealed.

The judge committed no error in overruling the demur-

rer. The presence of Sanford was entirely unnecessary to the final determination of the rights of the parties. He is charged with no complicity in, or knowledge of, the fraud charged against the other parties. It is alleged that Sanford had conveyed the land to McDonald, and afterwards, at the instance of McDonald, executed another deed to Boyd, and the bill seeks to set aside the later deed. The setting aside of this deed, and subjecting the property to the lien of the judgments, is of no consequence to Sanford, and his presence as a party is of no importance to any of the other parties named. No relief is prayed as against him or affecting him, and the facts charged give no foundation for any prayer as against him; he is merely a witness as to these parties, and this being the case, the demurrer was properly overruled. Story Eq. Pl., §231; Story Eq. Jur., §1,499; Mitford Ch. Pl., by Jeremy, 188.

The decree is therefore affirmed with costs.