GEORGE B. POST AND W. ALSTON FLAGG, PARTNERS DOING BUSINESS IN THE FIRM NAME OF POST & FLAGG, APPELLANTS, VS. THOMAS J. ADAMS, ET AL. APPELLEES.

A court can not properly adjudicate the matters involved in the suit when it appears that a necessary and indispensable party to the proceeding has not been served with process, or is not in some proper way actually or constructively before the court.

Appeal from the Circuit Court for Clay county.

The facts in the case are stated in the opinion of the court.

*Cooper & Cooper*, for Appellants.

*W. B. Owen*, *R. H. Liggett* and *Charles S. Adams*, for Appellees.

MABRY, J.:

The original bill filed by appellants in this case was against Thomas J. Adams and wife J. Irene Adams, Thomas S. Hunter, the Land Mortgage Bank of Florida, limited, of London, the Southern Insurance Company of New Orleans, the American Fire Insurance Company of Philadelphia, the Niagara Fire Insurance Company of New York, and the Continental Insurance Company of New York.

The Land Mortgage Bank and Thomas S. Hunter demurred to the bill, and it was subsequently amended by making Catherine Hunter, wife of Thomas S., a party defendant also, with allegations connecting her in interest with the subject matter of the litigation. Adams and wife subsequently demurred to the bill and all the insurance companies filed answers. The demurrers were all overruled and answers were filed by the bank and Adams and wife. Decree *pro confesso* was entered before the clerk on rule day against Thomas S. and Catherine Hunter and replications were filed to the answers.

A master was appointed to take testimony, and after reporting a volume of it the court proceeded to hear the case on the bill as amended, decree *pro confesso* against Hunter and wife, answers of the other defendants, and the testimony reported, and thereupon adjudged that complainants' bill be dismissed without prejudice to their right to maintain an action at law against defendants for redress of the alleged wrongful

acts set forth in the bill. From this decree appellants appealed.

By written stipulation filed here, the Land Mortgage Bank of Florida admits that the assignments of error are well taken and agrees that the decree appealed from may be reversed.

A careful examination of the record before us reveals the fact that Catherine Hunter was not properly before the court, and that the matters sought to be adjudicated can not be determined in her absence. There can be no question that under the bill as amended Mrs. Hunter was a necessary and indispensable party and the court could not properly proceed to adjudicate the matters involved in the suit until she was properly before the court and had an opportunity to be heard. The bill as amended prays process against her, but we find no evidence that any was ever issued and there is no appearance of any kind for her. A decree *pro confesso* was entered by the clerk against Mrs. Hunter, but it does not even recite that she had ever been served with any process whatever, and there is nothing in the record to authorize such a decree. There is no appearance in this court for her and we can not conclude otherwise from what is before us than that she was never properly before the court. It is elementary that a court can not adjudicate the rights of parties without having them actually or constructively before it. Robinson, Admr. vs. Howe *et al.*, 35 Fla. 73, 18 South. Rep. 368.

The decree will be reversed generally, with leave to perfect service on Catherine Hunter, and for such further proceedings as may be conformable to chancery practice. Order to be entered accordingly.