THE INDIAN RIVER MANUFACTURING COMPANY, A CORPORATION, *Appellant,* v. FRANK M. WOOTEN, O. C. HANSEL, DANIEL BELL, O. J. GRIFFIN AND NEWTON TAYLOR, *Appellees.*

1. The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject matter of a suit must be made parties either as complainants or defendants, so that a complete decree may be made binding upon all parties.

2. The court can not properly adjudicate the matters involved in the suit when it appears that necessary and indispensable parties to the proceeding have not been served with process, or are not in some proper way actually or constructively before the court.

3. In a proceeding in equity to reform a conveyance of real estate, on the ground of accident or mistake, the persons under whom the defendants claim by deeds of warranty, made since the

mistake or accident is alleged to have occurred, must be made parties, the general rule being that in a suit to reform a deed the grantor in the deed, or, if dead, his heirs, and those claiming under him, are necessary parties.

4. In a suit to reform a deed, where the title of the grantee therein has been acquired by the complainants without warranty, such grantee is not a necessary party to the bill.

5. In a cross-bill seeking affirmative relief new parties may be added, whose presence is essential to a complete determination of the matter.

This case was decided by Division B.

Appeal from the Circuit Court for Brevard county.

### Statement.

On the 16th day of January, 1903, the appellant filed its bill in chancery in the Circuit Court for Brevard county against the appellees, alleging therein that appellant was seized in fee and possessed and had the right of possession of certain lands therein described, the value of which lands consisted largely of the timber growing thereon; that the cutting of the trees thereon and the removal of logs therefrom tended to impair partially, if not wholly, said value; that appellees had cut down large quantities of the timber, had removed logs therefrom, and were then engaged in cutting down large quantities of the timber, cutting the same up and removing it from the lands as fast as they were able to do so. The relief sought in the bill was a restraining order, the appointment of a receiver and a perpetual injunction.

On the 16th day of January, 1903, the chancellor granted a restraining order, in accordance with the prayer of the bill.

On the 4th day of February, 1903, the chancellor made an order modifying the restraining order by permitting

appellees to deposit in the registry of the court double the usual stumpage for wood and light-wood, the price thereof being specified, and to take from the lands to fill contracts 500 cords of wood and 100,000 staves, but specifying that no virgin timber was to be boxed or cut.

On the 20th day of February, 1903, appellees filed their answer to the bill, denying the material allegations therein and claiming that appellees had bought and paid for the timber on said land on the 24th day of November, 1899, from the then owners, and had immediately entered into the possession thereof, the facts connected with said purchase being set forth in the answer at length and also in the cross-bill hereinafter mentioned. On the same day the answer was filed appellees filed their cross-bill against appellant, alleging therein, among other things, that Benjamin S. Brigg and Robert T. Hasleton as trustees had purchased said lands at a master's sale under a final decree rendered in a foreclosure suit wherein the Land Mortgage Bank of Florida, Limited, of England, was complainant, and William M. Dallam as trustee, etc., was defendant; that a suit had been instituted by said Dallam to set aside said foreclosure proceedings and sale, and while this suit was pending Frank M. Wooten, one of the appellees, offered to purchase a ten year lease of the lands, with the turpentine privilege, for $4,000, or to pay $6,000 for a ten year lease with the turpentine privilege and the right to cut and carry away the pine timber and wood, but said appellee made it a condition precedent that said Brigg and Hasleton and said Dallam should settle their difference so that said appellee could get a good title; that it was finally arranged between all of said parties, each of whom was represented by attorneys at law, that a lease was to be executed to said appellee to said lands for a term of ten years, with the turpentine privilege and the right to cut and carry away the timber therefrom, for which appellee was to pay $6,000, and that the lands were then to be deeded to said Dallam by said Brigg and

Hasleton, subject, however, to the terms of said lease; that, in pursuance of said agreement, a contract was drafted and signed by appellee, F. M. Wooten, W. B. Owen, who was the attorney for said Brigg and Hasleton, and the Commercial Bank, in which it was stipulated that said appellee had deposited in said Commercial Bank the sum of $6,000 to be paid over to said Owen by the bank upon the delivery to it of a good and sufficient lease for appellee to said lands for a term of ten years, with the right to turpentine the lands and to cut and carry away the wood and timber thereon, the lease to be executed by persons authorized to execute it, and to be first approved by Barrs & Bryan, attorneys for the appellee; that the money was deposited in said bank by appellee and that on the 27th day of November, 1899, the lease was prepared and executed; that by the consent of appellee F. M. Wooten, the lease was made in the name of said appellee and T. J. Wooten and one W. S. McNair; that, through a mistake of the person drafting it, the right to cut and carry away the wood and timber was not inserted therein, which omission was not discovered by the appellees until very recently, after the money had been paid over by the bank and the lease turned over to said appellee; that at the time the lease was executed a deed was made to said Dallam to said lands, subject to the lease, but that Dallam was not a purchaser without notice for a valuable consideration; that on the 9th day of November, 1901, Dallam conveyed said lands by deed to appellant, which corporation, however, was not a *bona fide* purchaser thereof for a valuable consideration and without notice of the rights of said appellee; that T. J. Wooten and W. S. McNair conveyed their interest in the lease to appellee F. M. Wooten, and that the other appellees' rights in the premises are held under said F. M. Wooten. The relief sought in said cross-bill is the reformation of the lease executed by Brigg and Hasleton by inserting therein the omitted clause granting the right to cut and carry away the wood and tim-

ber on the lands, as well as other relief, and there being a prayer for general relief.

On the first day of April, 1903, upon motion of appellees, upon the pleadings and various affidavits filed in behalf of both appellant and appellees, the chancellor made an order dissolving the restraining order which had been granted by him on the 16th day of January, 1903.

On the 6th day of April, 1903, appellant filed its replication to the answer of appellees, and on the 25th day of May, 1903, filed its answer to the cross-bill of appellees, denying many of the material allegations therein.

On the 3rd day of July, 1903, appellees filed their replication to this answer, and soon thereafter an examiner was appointed to take the testimony on the issues so made.

On the 3rd day of October, 1903, the examiner reported the testimony taken before him, together with the exhibits.

On the 3rd day of December, 1903, the chancellor rendered a final decree in which he dismissed the original bill of appellant, found that the equities were with the cross-complainants, who are appellees here, and ordered a reformation of the lease made on the 27th day of November, 1899, between Benjamin Septimus Brigg and Robert Thomas Hasleton by William Moore Angus, their attorney in fact, and Walter S. McNair, Thomas J. Wooten and Frank M. Wooten, as prayed for in the cross-bill, by inserting in said lease clauses granting the right to said lessees to cut and carry away the wood and timber from the lands.

From this decree appellant has taken an appeal to this court. Such other facts as may be necessary will be stated in the opinion.

*A. H. King* and *A. W. Cockrell & Son* for appellant.

*Geo. M. Robbins* for appellees.

SHACKLEFORD, J. (*after stating the facts*).—In view of the conclusion which we have reached, no extended statement of the pleadings or evidence is necessary. Neither is it advisable to discuss the errors assigned in detail. It is contended by appellant that Walter S. McNair, Thomas J. Wooten, Benjamin S. Brigg and Robert T. Hasleton were all necessary parties defendant to the cross-bill and that by reason of their absence as parties the decree was erroneous, and for that reason, if for no other, should be reversed. If this contention is sound and the parties above named were indispensable parties to the proceeding, it would follow necessarily that the decree must be reversed. *Robinson, Administrator, v. Howe, Dibble & Bunce, Executors,* 35 Fla. 73; *Post & Flagg v. Adams,* 39 Fla. 207. All persons whose interest, legal or equitable, in the subject matter will be affected by the decree are necessary parties. *Robinson v. Howe, supra,* and authorities cited therein; 1 Foster's Fed. Pr., section 53. Turning to the record, we find that the lease executed by said Brigg and Hasleton to Walter S. McNair, Thomas J. Wooten and Frank M. Wooten, which was reformed by the chancellor, as above stated, contains a clause to the effect that the lessors would warrant and defend the rights conveyed therein against all persons claiming under said lessors. As has already been stated, on the same day their lease was executed, the lessors executed a deed to said lands to William M. Dallam, "subject to a lease on the pine timber heretofore made to Walter S. McNair, Thos. J. Wooten and Frank M. Wooten." The reformation of the lease as made by the chancellor inserting the right of the lessees to cut and carry away the wood and timber thereon, undoubtedly made a very material change in the lease and consequently a change in what was conveyed to Dallam in the deed. In other words, but for the reformation of the lease, Dallam would take the lands subject only to the turpentine privilege set forth in the lease as it stood and was of record. By reason of the war-

ranty clause in the lease Brigg and Hasleton were bound to warrant and defend whatever rights were conveyed by the lease as against any one claiming under them, which Dallam did under the deed. Undoubtedly, then, Brigg and Hasleton were affected by the decree and hence were necessary parties. See *Oliver v. Clifton,* 59 Ark. 187; *Busby v. Littlefield,* 31 N. H. 193; *Farmers and Mechanics' Bank of Michigan v. City of Detroit,* 12 Mich. 445; *Davis v. Rogers,* 33 Me. 222; 18 Ency. of Pl. & Pr. 799.

It also appears from the record that although Walter S. McNair and Thomas J. Wooten had assigned and transferred all their interests in said lease to Frank M. Wooten, their co-lessee, said assignment described the same as being of record in Book L of Mortgages, page 154, of the public records of Brevard county, and said assignment also contains a general warranty clause. This being true, it follows that the rights of Walter S. McNair and Thomas J. Wooten were affected by the decree and, therefore, that they were necessary parties. The deed from Brigg and Hasleton to Dallam contains no clause of warranty and neither does the deed from Dallam and wife to appellant, therefore, Dallam was not a necessary party. See authorities cited *supra.*

It would seem from the decree that the chancellor, by reason of finding the equities with the cross-complainants and ordering a reformation of the lease as therein prayed, also found against the original complainant and ordered the original bill dismissed. This being true and having reached the conclusion that the decree must be reversed by reason of the absence of necessary parties defendant to the cross-bill, it follows that the entire decree must be reversed, though we express no opinion upon the merits, as it is neither advisable nor proper for us to do so.

That in a cross-bill seeking affirmative relief new parties may be added, whose presence is essential to a com-

plete determination of the matter, see *Price v. Stratton,* 45 Fla. 535, 33 South. Rep. 644.

It follows that the decree must be reversed and it is so ordered, with directions to grant leave to appellees to make said Brigg and Hasleton, Walter S. McNair and Thomas J. Wooten parties defendant to the cross-bill, and for such further proceedings as may be in accordance with equity practice and with this opinion. Appellees to pay the costs of this appellate proceeding.

CARTER, P. J., and WHITFIELD, J., concur.

TAYLOR, C. J., and HOCKER, J., concur in the opinion.

COCKRELL, J., being disqualified, took no part in the consideration of this case.