FLORIDA LAND ROCK PHOSPHATE COMPANY, A CORPORATION, APPELLANT, v. HERBERT L. ANDERSON, APPELLEE.

1. A Clerk of the Circuit Court, in making up a transcript of the record for the Supreme Court should comply with the requirements of the Special Rules adopted by this court for making up such transcripts.

2. It is the duty of the party resorting to an appellate court, to see that his transcript of record is properly prepared, in compliance with the rules of court, and to make the errors complained of clearly to appear.

3. The general rule in equity is that all persons materially interested, either legally or beneficially, in the subject matter of a suit, must be made parties either as complainants or defendants, so that a complete decree may be made binding upon all parties.

4. The court cannot properly adjudicate the matters involved in the suit when it appears that necessary and indispensable parties to the proceeding are not before the court.

5. Although the question of parties was not raised in the court below either by demurrer, plea or answer, and has not been suggested in this court, if it plainly appears from the record, especially from the bill and exhibits, that there is a lack of necessary and indispensible parties, this court will notice the fact on its own motion and re-

Florida Land Rock Phos. Co. v. Anderson—Statement of Case.

verse and remand the cause, with leave to add such parties and for such other proceedings as may be conformable to law.

6. In a proceeding in equity to remove the cloud from the title and to have a conveyance cancelled as fraudulent, the parties executing such conveyance against whom fraud is charged are necessary and indispensable parties to such proceeding, especially so if such conveyance contain the covenants of general warranty.

This case was decided by Division A.

Appeal from the Circuit Court for Levy County.

### STATEMENT.

The transcript in this case consists of 376 typewritten pages. We have tried to set forth in the following statement a synopsis of the pleadings, evidence, orders, decrees and proceedings generally which will be sufficiently full for an intelligent understanding of the opinion. This has been a task of some difficulty, and the statement is necessarily quite condensed.

On the 23rd day of December, 1896, appellee filed his original bill in chancery in the Circuit Court for Levy county against appellant, John Cline, Joseph T. Jones, C. B. Magruder, Central Trust Company, a corporation, as trustee, Thomas A. Banning, C. C. Linthicum, and Henry H. Graham and George C. Stevens as copartners under the firm name of Stevens, Graham & Company, and appellee as trustee was the owner and in the actual pos- H. H. Graham, alleging therein, among other things, that session of certain lands in the counties of Levy and Marion, which are fully described therein, appellee's title thereto being acquired through three conveyances, copies

of which are attached as exhibits, the first being a tax deed from the Governor and Secretary of State to appellee, bearing date the first day of August, 1895, conveying a portion of the lands and reciting that they had been certified to the Comptroller for the non-payment of taxes under the provisions of Chapter 4010 Laws of 1891; the second and third conveyances being executed by the respective sheriffs of Levy and Marion counties to appellee on the first day of June and third day of November, 1896, respectively, which said sheriff's deeds are based upon sales under an execution issued on a judgment recovered in the Circuit Court for Marion county by Alexander P. Price as plaintiff against George C. Stevens and H. H. Graham under the firm name of Stevens, Graham & Company as defendants on the 6th day of December, 1893, for the sum of $23,500.00; that the said Price on or about the first day of June, 1891, purchased all the lands in question from the then owners and took an obligation from such owners to convey the same to said Price or to any one named by him; that Price sold the lands to the firm of Stevens, Graham & Co., and from time to time caused conveyances thereof to be executed to said firm, until on or about the first day of May, 1893, all of the lands had been conveyed to said firm, Price taking no conveyance to himself from any of the owners, but for the purpose of saving expense having all the conveyances made to said firm, "the agreement and understanding between the parties at the time of said conveyance was that the said Price should have and retain a vendor's lien on the said lands for the payment of any unpaid balances of the purchase money; and that the said Stevens, Graham & Company, at a time subsequent to the said conveyance, acknowledged in writing that the said Price held a ven-

504 SUPREME COURT OF FLORIDA.

Florida Land Rock Phos. Co. v. Anderson—Statement of Case.

dor's lien upon said lands for the balance of the unpaid purchase money;" that the judgment recovered by Price for the sum of $23,500.00 against Stevens, Graham & Company, which has already been described, "was recovered, held and enforced by said Price as a vendor's lien upon said lands;" that Stevens, Graham & Company, "at the time they took title to said lands, were engaged in the business of buying and selling phosphate lands in the State of Florida; and to facilitate the sale of the land held and controlled by them, the said Graham, Stevens & Company, were accustomed to organize corporations, to which lands sought to be sold by them were conveyed, and by the sale of the capital stock of said corporations, and sale of the bonds secured by liens upon the lands, the said Stevens, Graham & Company realized moneys;" that, in pursuance of said plan, said firm organized the corporation known as the Florida Land Rock Phosphate Company and conveyed said lands to said corporation, which conveyance was of a prior date, though the same is not set forth, to the date of the "entry of the judgment in favor of the said Price;" that "the said Stevens, Graham & Company subscribed for, and took and now hold and own all of the capital stock of the Florida Land Rock Phosphate Company, and was in fact, as well in law, the corporation itself; and the said Florida Land Rock Phosphate Company took title to the said lands with actual knowledge and notice of the vendor's lien held and claimed by the said Price upon all said lands for the balance of the unpaid purchase money thereof; and that the said corporation took and held no better title than was owned and held by the said Stevens, Graham & Company, whom your orator shows executed a paper writing, acknowledging that the said Price held and owned a ven-

dor's lien upon said lands;" that the corporation, and all persons in interest as holders and owners of its stock or bonds, had actual notice of the vendor's lien claimed by the said Price;" that on the first day of July, 1893, the Florida Land Rock Phosphate Company executed a mortgage upon all the lands to the Central Trust Company, as trustee, to secure the payment of certain bonds issued by the said phosphate company, which mortgage was recorded in the public records of the respective counties of Levy and Marion; that none of said bonds had ever been negotiated, but, through fraudulent representations to the Central Trust Company, Henry H. Graham, one of the firm of Stevens, Graham & Company, had obtained possession of all of said bonds, "and that the said Graham is now in the actual possession thereof, claiming ownership of same in himself, and has refused to deliver the same up for cancellation, and the complainant shows that the mortgage to secure said bonds is not a lien upon the lands, because complainant shows that the complainant acquired title to the lands from the sales under the judgment under the said Price, and that the said Henry H. Graham was, and is, liable for the payment of said judgment, and is, as one of the firm of Stevens, Graham & Company, one of the judgment debtors;" that the various other defendants, other than the Florida Land Rock Phosphate Company, Stevens, Graham & Company and Henry H. Graham, claim some interest in the lands, by reason of bonds for title, tax deeds, conveyances or otherwise, the interests claimed by the respective defendants being set forth in the bill, but that all of the interests so claimed are subordinate to the interest or title of complainant, though their existence and record cast or create a cloud upon complaiant's title; that the

conveyance by Stevens, Graham & Company to the Florida Land Rock Phosphate Company was "in fraud of complainant's right, in that complainant holds title by virture of an execution sale under Price's judgment, and that said Price held a vendor's lien upon said lands, and the said Florida Land Rock Phosphate Company took title thereto with full knowledge of the said Price's vendor's lien;" that the existence and record of said conveyance create a cloud upon complainant's title; "that the Florida Land Rock Phosphate Company never did any business except to take nominal title to the lands above described and to authorize the execution and delivery of the mortgage to the Central Trust Company, one of the defendant's herein, and that for about five years no officers of said corporation have been elected and no business of any kind has been done by said corporation and after diligent inquiry complainant can find no officer of said corporation within the State of Florida and charges that said corporation has an existence only in name and not in fact, and by non-user of its corporate franchise has forfeited its right to be and remain a body corporate within this State."

The bill prays that the complainant's title may "be decreed to be superior to any title to any part of said lands held by any of the defendants," and that the various and sundry instruments held by any of the defendants affecting complainant's title may be cancelled of record and surrendered to the clerk for cancellation, and also contains the prayer for general relief.

Service upon all of the defendants was had by publication, and a decree *pro confesso* was entered by the clerk against John Cline, Joseph T. Jones, C. B. Magruder and the Central Trust Company, on the first day of March, 1897, for failure to plead, answer or demur.

On the 22nd day of February, 1897, the Florida Land Rock Phosphate Company, Thomas A. Banning, C. C. Linthicum, Henry H. Graham and George C. Stevens as copartners under firm name of Stevens, Graham & Company, and Henry H. Graham filed their joint and several answer to the bill, in which they denied, on information and belief, that the complainant was the owner of, or in the actual possession of the lands; that the complainant "acquired any good or sufficient title to the lands set out and described in the bill of complaint herein by virtue of the three conveyances," copies of which are attached to the bill as exhibits; that the said Price purchased the lands as alleged in the bill; that any such transaction took place between Price and Stevens, Graham & Company as detailed in the bill; that there was any agreement or understanding that Price was to have or retain a vendor's lien on the lands for the payment of any unpaid purchase money or for any other purpose or consideration; that Stevens, Graham & Company at any time acknowledged in writing or otherwise that Price held a vendor's lien on the lands, and the answer calls for strict proof of these allegations. The answer admits, on information and belief, the recovery of the judgment and sale of the lands thereunder, as alleged in the bill, but charges that the entry of the judgment was fraudulent and collusive for reasons, which are detailed at considerable length, that complainant knew of such fraud and collusion and participated therein. Other material allegations in the bill were denied in the answer, but mostly on information and belief, and the answer also contains the usual general denial found in such a pleading. The oath to the answer was not waived and it is sworn to by Henry H. Graham, Thomas A. Banning and C. C. Linthicum.

508     SUPREME COURT OF FLORIDA.

Florida Land Rock Phos. Co. v. Anderson—Statement of Case.

On the 15th day of May, 1897, the complainant filed with the clerk a praecipe for dismissal as to Thomas A. Banning, C. C. Linthicum, Henry H. Graham and George C. Stevens as copartners doing business as Stevens, Graham & Company, and H. H. Graham.

On the 5th day of April, 1897, complainant filed a praecipe for a decree *pro confesso* against the Florida Land Rock Phosphate Company for want of an answer, reciting therein that the paper purporting to be its answer was not the answer of any corporation, but the clerk refused to enter the decree *pro confesso*.

Also on the 5th day of April, 1897, complainant filed exceptions to said answer for insufficiency, and on the 16th day of April, 1897, complainant filed a motion to strike the answer, so far as the same purports to be the answer of the Florida Land Rock Phosphate Company because it was not under the seal of said corporation. On the 29th day of April, 1897, the court made an order granting the corporation ten days within which to affix its corporate seal to its answer, in default whereof the answer was ordered stricken.

On the 14th day of May, 1897, the court rendered a final decree in favor of the complainant in accordance with the prayer of the bill, reciting therein the entry of decrees *pro confesso* against certain named defendants, including the Florida Land Rock Phosphate Company, and "that an order of dismissal as to the other defendants was entered by the complainant."

On the 19th day of June, 1897, the court made an order opening and setting aside the decree *pro confesso* and final decree on the ground that at the time of granting the decree *pro confesso* and final decree against the Florida Land Rock Phosphate Company there was on file

complainant's exceptions to the answer of said defendant, which had not been disposed of, a fact not known to the court. Further time was also allowed the defendant in which to affix the corporate seal.

Various and sundry papers were filed and proceedings had at different times, which it is not deemed necessary to specify. All the files in the case seem to have been lost for a long time but were finally found. On the 4th day of October, 1900, the court made an order overruling the exceptions of the complainant to the answer. On the 10th day of October, 1900, a replication was filed to the answer. On the 21st day of January, 1902, an order was made by the court referring the cause to a master in chancery to take the testimony therein and report the same to the court, together with his findings of law and fact.

Quite a volume of testimony was taken before the master by the complainant and the Florida Land Rock Phosphate Company, the only defendant who litigated the case, a number of witnesses being examined and much documentary evidence filed.

On the 2nd day of March, 1903, the master filed his report, including his findings of fact and conclusions of law, together with the evidence taken before him. We deem it unnecessary to set forth these findings and conclusions. Suffice it to say that the master found that the complainant had made out his case and sustained the allegations of his bill.

On the 28th day of March, 1903, the Florida Land Rock Phosphate Company filed some twenty exceptions to the master's report, and on the 21st day of April, 1903, complainant filed a motion to confirm the master's report and to enter a final decree, incorporating in his motion many objections to the exceptions taken to the master's report.

On the 21st day of May, 1904, a final decree was rendered by the court, overruling all the exceptions to the master's report, confirming the report in all things, finding all the equities to be with the complainant and decreeing him practically all of the relief prayed for in his bill. We see nothing to be accomplished by setting forth the decree or referring more at length to the details and provisions thereof.

From this decree the Florida Land Rock Phosphate Company has entered its appeal to this court, assigning thirty-three errors.

Such other facts as may be necessary will be stated in the opinion.

*John G. Reardon* and *W. A. Hamilton,* for Appellant.

*Otis T. Green,* for Appellee.

SHACKLEFORD, C. J., *(after stating the facts.)* The pleadings in this case have been inartificially drafted and the entire proceedings have been loosely conducted. The record is in such a confused state that we have seriously considered the advisability of following the precedent established by Judge RANDALL in Mattair v. Payne, 15 Fla. 682, text 686, wherein he said: "There seems to be no better way to put these parties in their proper position to assert their legal and equitable remedies and disentangle them from the labyrinth of confusion in which they appear to be involved, than to dismiss the whole proceeding. This is sanctioned by Story's Eq. Pleadings, Section 271, and cases cited, whether the bill be demurred to or not."

To still further complicate matters and add to the difficulty of our task, the record is poorly prepared, but

little attention having been paid to the arrangements of the proceedings or the order in which they appear. A compliance with the requirements of Special Rules 2 and 4, adopted Sept. 16, 1895, as amended Feb. 17, 1897, which were in force at the time this transcript was prepared, would have simplified matters and materially lessened our labors. We call the especial attention of the Clerks of the Circuit Court to these rules, which are now Special Rules 2 and 4, adopted March 2nd, 1905, and insist that in making up transcripts for this court that they comply with their requirements. It is also the duty of the party resorting to an appellate court, as well as of his counsel, to see that his transcript of record is properly prepared, in compliance with the rules of court, and to make the errors complained of clearly to appear. Merchant's Nat. Bank of Jacksonville v. Grunthal, 39 Fla. 388, 22 South. Rep. 685; Jacksonville St. R. R. Co. v. Walton, 42 Fla. 54, 28 South. Rep. 59; Hoodless v. Jernigan, 46 Fla. 213, 35 South. Rep. 656. Also see Ray v. Trice, 48 Fla. 297, 37 South. Rep. 582, as to including in and omitting papers from the transcript. In the instant case the appellee in his directions to the clerk had a number of papers included in the transcript which could serve no useful purpose and sought thereby to have still other papers copied therein, including the entire record of another and distinct suit pending in the Circuit Court for Marion county, which would have still further encumbered the record, and entailed additional expense.

As we have said, we seriously considered the advisability of dismissing the whole proceeding, but we have borne in mind, as was said by Judge BALDWIN in Hoyt v. City of Danbury, 69 Conn. 341, text, 348, 37 Atl. Rep. 1051, which language we have quoted and approved in Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34

South. Rep. 270, "Every law suit looks to two results: to end a controversy, and to end it justly; and the first is almost as important as the last." This suit was instituted on the 23rd day of December, 1896, and has been pending since that time, at different stages being before two Judges of the Fifth Judicial Circuit and finally before the Judge of the Eighth Judicial Circuit, in which Levy county was placed by Chapter 5121, Laws of 1903. Additional counsel have come into the case for both the appellant and appellee since the issues were made up. Undoubtedly there have been great delay, laches and irregularities upon the part of both appellant and appellee. We have given the record a most careful examination and consideration actuated by a desire to decide the questions raised, and terminate this long protracted litigation if it were possible for us to do so. However, we find ourselves confronted with a serious situation, an absence of necessary parties. If this be true, then we cannot adjudicate and determine the controversy, as "it is an elemental principle that a court cannot adjudicate directly upon the rights of parties without having them actually or constructively before it." Robinson, Admr. v. Howe, Dibble & Bunce, Exrs., 35 Fla. 73, text 82, 17 South. Rep. 368; Mattair v. Payne, 15 Fla. 682; Sloan v. Sloan, 21 Fla. 589; Deans, Admr. v. Wilcoxon, 25 Fla. 980, text 1051, 7 South. Rep. 163; Post v. Adams, 39 Fla. 207, 22 South. Rep. 652; Indian River Mfg. Co. v. Wooten, 48 Fla. 271, 37 South. Rep. 731. Although the question of parties was not raised in the court below either by demurrer, plea or answer, and has not been suggested here, under the authorities cited if it plainly appears from the record, especially from the bill and exhibits, there is a lack of necessary and indispensable parties, this court will notice the fact on its own motion and reverse and re-

mand the cause, with leave to add such parties and for such other proceedings as may be conformable to law. Morgan v. Blatchley, 33 West Va. 155, 10 S. E. Rep. 282; Prentice v. Kimball, 19 Ill. 320; Knopf v. Chicago Real Estate Board, 173 Ill. 196, 50 N. E. Rep. 658; Gordon v. Johnson, 186 Ill. 18, 57 N. E. Rep. 790; Hoe v. Wilson, 9 Wall. 501; Minnesota v. Northern Securities Co., 184 U. S. 199; Dabney v. Preston, 25 Gratt. (Va.) 838, text 842; 15 Ency. of Pl. & Pr. 687, 689. Also see McLaughlin v. Van Keuren, 21 N. J. Eq. 379.

In the instant case Henry H. Graham and George C. Stevens as copartners doing business under the firm name of Stevens, Graham & Company, as well as Henry H. Graham individually, were made defendants to the bill, but after they had united with the Florida Land Rock Phosphate Company and other defendants in filing a joint and several answer to the bill the complainant filed in the Clerk's office a praecipe for dismissal as to such defendants, thereby seeking to have the bill dismissed as to them. As was decided in Long v. Anderson, 48 Fla. 279, 37 South. Rep. 216, this action of the complainant, without an order of court, could not operate as a dismissal of the bill as to such defendants. However, the final decree of the 14th day of May, 1897, which was afterwards opened up, as well as the final decree of the 21st day of May, 1904, from which this appeal was taken, refer to the dismissal of the bill as to such defendants. This may be sufficient as a dismissal. Macfarlane v. Dorsey, 49 Fla. 341, 38 South. Rep. 512. At any rate, the bill was treated as dismissed as to such defendants by such defendants themselves, the appellee, the appellant and the court below. They were not before the trial court when the final decree was rendered and they

33 S. C.

are not before this court. Were and are they necessary and indispensable parties? That they were regarded by the appellee as proper parties and that, as a matter of fact, they were proper parties there can be no doubt. Johnson v. Little, 141, Ala. 382, 37 South. Rep. 592; Robinson v. Davis, 11 N. J. Eq. 302, S. C. 69 Am. Dec. 591; Miller v. Jamison, 24 N. J. Eq. 41; Bennett v. McGuire, 58 Barb. (N. Y.) 625. However, this is not sufficient. They must be indispensable parties, having such an interest in the controversy that a final decree between the parties before the court cannot be made without affecting their interests, or leaving the controversy in such a situation that its final determination may be inconsistent with equity and good conscience. Donovan C. Campion, 85 Fed. Rep. 71, and authorities there cited; Shields v. Barrow, 17 Howard (U. S.) 130; 16 Cyc. 189. An examination of the bill discloses that these absent defendants are directly charged with fraud and with having made a fraudulent conveyance to the Florida Land Rock Phosphate Company, which conveyance the bill seeks to have removed as a cloud upon complainant's title. This sufficiently shows that such defendants are necessary and indispensable parties. Hannibal & St. J. Ry. Co. v. Nortoni, 154 Mo. 142, 55 S. W. Rep. 220; Chadbourn v. Coe, 45 Fed. Rep. 822, affirmed in 51 Fed. Rep. 479; Hill v. Lewis, 45 Kan. 162, 25 Pac. Rep. 589; Murphy v. Jackson, 5 Jones Eq. (N. C.) 11; Judson v. The Courier Co., 15 Fed. Rep. 541; Mackay v. Gable, 117 Fed. Rep. 873. In Brown v. Solary, 37 Fla. 102, text 115, 19 South. Rep. 161, in discussing the question of necessary parties this court held certain parties not to be necessary who had parted with all their interest in the land in question for the reason that no fraud was charged against them and no relief

asked against them, implying that if fraud were charged and relief asked against them they would be necessary parties. Also see McDonald v. Russell, 16 Fla. 260; Betton v. Williams, 4 Fla. 11. However, there is still another reason why such defendants are necessary and indispensable parties. The record shows that they had conveyed the lands in question to the Florida Land Rock Phosphate Company by a deed containing covenants of general warranty. See Indian River Mfg. Co. v. Wooten, supra, and authorities therein cited, especially Busby v. Littleefild, 31 N. H. 193; 18 Ency. Pl. & Pr., 799; 6 Cyc. 319; 1 Foster's Fed. Pr., (3rd ed.) Sec. 53.

Having found that indispensable parties are not before the court, it necessarily follows under the authorities cited that the decree must be reversed. We might well stop here, but in view of the length of time this litigation has been pending and realizing that it is to the interest of all the parties to have it terminated as early as may be, we again call attention to the character and state of the pleadings. It may be that the bill as framed is open to an attack by demurrer, though no such attack was made upon it. It may be that the answer as framed is open to attack by proper exceptions. It might be advisable for all the parties to look to their pleadings and see that they are in proper shape as well as that all the necessary parties are before the court. We express no opinion upon the merits, as it is neither proper nor advisable for us to do so.

The decree is reversed and the cause remanded, with leave to the appellee to add the necessary parties defendant to his bill and with leave to all the parties litigant to apply to the court for permission to recast, or amend

their pleadings as they may be advised.   The appellee to pay the costs of this appellate proceeding.

COCKRELL and WHITFIELD, JJ., concur.

TAYLOR AND PARKHILL, JJ., concur in the opinion.

HOCKER, J., disqualified.