BALLEW LUMBER & HARDWARE COMPANY et al., Appellants, v. MISSOURI PACIFIC RAILWAY COMPANY et al.

Division Two, June 23, 1921.

1. **PLEADING**: Jurisdiction: Demurrer.   Upon demurrer to the petition charging that the court lacks jurisdiction, the defect which precludes the court from hearing and determining the case must appear on the face of the petition.

2. ———: ———: General and Special.   A court may have jurisdiction of the subject-matter of .a class of cases, yet have no jurisdiction to hear and determine the particular case under consideration.

3. ———: ———: ———: Shipper's Claims: Overcharges: Misjoinder: Equity.   Conceding that the obligations of contracts made with shippers by a railroad company which has transferred its assets to another survive, and that by appropriate actions they may enforce their claims against any property belonging to the company which has passed into the hands of another than a bona-fide purchaser for value, still it does not follow that the court has jurisdiction to hear and determine in one suit in equity the claims of all such shippers, arising out of different contracts, and requiring different proof.

4. ———: Equity: Joinder of Different Causes and Parties.   The joinder of parties às plaintiffs is permitted when the · cause of action is common to all, and the right under which they claim is the same as to each, and the complaint of all is against the same

defendant for the doing of acts which affect all alike; but the joinder in one suit in equity of legal claims for overcharges arising out of several contracts made by the respective plaintiffs with the defendant, identical only in the fact that they are all shipment contracts, and differing as to places and times of execution, is not permitted.

5. ———: ———: ———: **Multiplicity of Suits.** Equity will not interfere to prevent a multiplicity of suits unless the questions involved are of equitable cognizance. Community of interest in the questions of law and fact presented, or in the form or kind of relief demanded, is not enough.

Appeal from St. Louis City Circuit Court.—*Hon. Karl Kimmel*, Judge.

AFFIRMED.

*T. L. Philips* and *E. T. & C. B. Allen* for appellants.

(1) The sale of the property of the insolvent Missouri Pacific Railway Company under a consent decree, in pursuance of a plan and agreement of reorganization of said company, in which there was reserved for the stockholders of the old company a stock interest in the new company, was and is in law a fraud upon the rights of the appellants, and as to them is void. Mumma v. Potomac Co., 8 Pet. 281; Railroad Co. v. Howard, 7 Wall. 392; Scammon v. Kimball, 92 U. S. 367; Wabash v. Ham, 114 U. S. 594; Louisville Tr. Co. v. Railroad, 174 U. S. 674; Northern Pacific v. Boyd, 228 U. S. 482; Kansas City Southern v. Trust Co., 240 U. S. 166; Central Impr. Co. v. Cambria, 210 Fed. 696, 201 Fed. 822; Western Union v. Trust Co., 221 Fed. 549. (2) That shippers are entitled to recover in equity overcharges exacted under duress and in violation of a valid statute has been unanimously held. Barker v. Railroad Co., 265 Mo. 682; White v. Delano, 270 Mo. 16; Bellamy v. Railroad, 220 Fed. 878; Love v. North American Co., 229 Fed. 103; Railroad v. McKnight, 244 U. S. 368; Arkadelphia Milling Co. v. Railroad, 249 U. S. 134. (3)

Where it is alleged that a judgment and execution would be fruitless and involve useless and unnecessary expense, a creditor may maintain a bill to impress an equitable trust upon the assets of the insolvent company without first obtaining a judgment at law.   12 Cyc. 711; Goldman Comn. Co. v. Williams, 211 Fed. 537; Johnson v. Powers, 139 U. S. 156; Sage v. Railroad, 125 U. S. 361; Tally v. Curtain, 54 Fed. 4; Schofield v. Ute Coal Co., 92 Fed. 269; Burnham Co., v. Smith, 82 Mo. App. 35. (b)   Where the fund sought to be subjected to the payment of the owners' debts is a trust fund for the payment of debts, or the complainant has a lien on the fund or property, the defendant creditor need not first establish his claim by judgment at law. 12 Cyc. 12; Woolen Mfg. Co. v. Kampe, 38 Mo. App. 229; Goldman v. Williams Co., 211 Fed. 530; Coleman v. Hagey, 252 Mo. 127.

*Edward J. White, James F. Green* and *H. H. Larimore* for respondents.

(1)   It appears on the face of the petition that the Circuit Court of the City of St. Louis was and is without jurisdiction of the subject of the action.   Smith v. Mo. Pac. Railroad Co., 266 Fed. 653; State ex rel. v. Davis, 190 S. W. 966; State ex rel. v. Williams, 221 Mo. 258; Miller v. Assurance Co., 196 S. W. 449; Farmers' Loan Co. v. Lake Street Railroad, 177 U. S. 61; Stewart v. Wisconsin Central Railroad, 117 Fed. 782; Julian v. Central Trust Co., 193 U. S. 112; Lang v. Ry. Co., 160 Fed. 355. (2)   It is apparent on the face of the petition that there is a defect of parties plaintiff and that several distinct and separate causes of action have been improperly united in one petition.   State ex rel. v. C. & A. R. R. Co., 265 Mo. 671; Ry. Co. v. McKnight, 244 U. S. 368. (3) The petition does not state facts sufficient to constitute a cause of action.   First.   Because it is not alleged that plaintiffs are judgment creditors and have exhausted their remedies at law.   Public Works v. Columbia Col-

lege, 17 Wall. 530; Case v. Beauregard, 99 U. S. 125; Straight v. Junk, 59 Fed. 321; Terry v. Anderson, 95 U. S. 636; Scott v. Neely, 140 U. S. 106; National Tube Works v. Ballou, 146 U. S. 523; Walser v. Seligman, 13 Fed. 415; Guardian Trust Co. v. Cambria Steel Co., 210 Fed. 696; Atlas Nat. Bank v. Packing Co., 138 Mo. 59; Ready v. Smith, 170 Mo. 163; Coleman v. Hagey, 252 Mo. 102. Second. Because it appears from such petition that plaintiffs are guilty of laches. State Trust Co. v. Kans. Cy. P. & G. Railroad, 120 Fed. 398; Western N. Y. & P. Railroad v. Penn Refining Co., 137 Fed. 343. Third. Because it is not alleged that general creditors were not permitted to participate in the plan of reorganization attendant upon the receivership of the Railway Company, or that a fair and timely offer of participation was not made to such general creditors, but only that these plaintiffs did not participate therein. Boyd v. Northern Pac. Ry., 228 U. S. 482; K. C. So. Ry. v. Guardian Trust Co., 240 U. S. 166; Stewart v. Wisconsin Cent. Ry. Co., 117 Fed. 782; State ex rel. v. Reynolds, 209 Mo. 161. Fourth. Because it appears from the allegations of the petition that the alleged overcharges, if any, do not constitute a trust fund for the benefit of these overcharges paid by plaintiffs in the ordinary course of business as shippers over the defendant railway, and that such alleged overcharges when paid went into a common fund made up in part from other sources, the whole of which went to pay operating expenses, interest on bonds, taxes, repairs, betterments and improvements; and it does not appear from the petition that such overcharges, if any, were ever required to be kept in any separate fund or accounted for in any way, but became at the moment of payment the property of the Railway Company; was commingled with other property, and plaintiffs do not attempt in their petition to specify into what specific property such alleged overcharges went, and consequently there can be no tracing of these alleged overcharges because they never in law

became trust funds. Schuyler v. Littlefield, 232. U. S. 710; Brennan v. Tillinghast, 201 Fed. 641; United States v. Bitter Root Co., 200 U. S. 474; Litchfield v. Ballou, 114 U. S. 195; State Bank v. Security Bank, 232 Fed. 849; In re See, 209 Fed. 174; In re Larkin and Metcalf, 202 Fed. 578; Gregg v. Trust Co., 197 U. S. 183; So. Ry. Co. v. Steel Co., 176 U. S. 257; Thomas v. Western Car Co., 149 U. S. 95; Crane Co. v. Trust Co., 238 Fed. 693; C. & A. R. R. Co. v. Trust Co., 225 Fed. 940; Martin Metal Co. v. Trust Co., 225 Fed. 961; High on Receivers (3 Ed.) sec. 394-a; Smith on Receiverships (2 Ed.), sec. 342.

WALKER, J.—This is a suit in equity to have the transfer of the assets of the Missouri Pacific Railway Company to the Missouri Pacific Railroad Company declared a fraud upon the plaintiffs, who allege that they are overcharge claimants of the Railway Company, and for an accounting, and to impress upon the assets and capital stock of the Railway Company in the possession of the Railroad Company an equitable lien until the amount found to be due plaintiffs and all intervenors upon an accounting, shall have been paid, and for a receiver. The petition is based upon the theory that overcharges by a carrier belong in equity to the shipper, and that the assets of an insolvent carrier constitute a trust fund for the benefit of its creditors, although they have been diverted to a reorganization company in which the stockholders of the insolvent carrier have their rights preserved. The defendants demurred on the ground of (1) a lack of jurisdiction; (2) incapacity of the plaintiffs to sue; (3) pendency of a like suit in a Federal court; (4) defect of parties; (5) improper joinder of causes of action; (6) no cause of action stated. The trial court sustained the demurrer, the plaintiffs declined to plead further, whereupon their petition was dismissed. and there was a judgment for the defendants, from which an appeal was perfected to this court.

I.   In support of the demurrer, it is averred among other things that the court was without jurisdiction. To render this contention tenable it is necessary that the petition disclose the defect which precludes the court's action.   We may concede that the obligations Jurisdiction. of the contracts made by the Railway Company with the plaintiffs survive and that they may in appropriate actions, based upon their respective claims, enforce same against any property belonging to the Railway Company which it may be shown has passed into the hands of another than a bona-fide purchaser for value, and is, therefore, held in trust for the company and its stockholders. [K. C. So. Ry. Co. v. Guardian Tr. Co., 240 U. S. 166; Northern Pac. Ry. Co. v. Boyd, 228 U. S. 482; Louisville Tr. Co. v. Railway, 174 U. S. 674; Railroad Co. v. Howard, 7 Wall. 392; Mumma v. Potomac Company, 8 Pet. 281.]

The general jurisdiction of the circuit court in cases presenting the facts stated, is, as shown by the authorities cited, well established.   But more than a general jurisdiction of a class is necessary to authorize the court to hear and determine the case.   By this we mean that while a court may have jurisdiction of the subject-matter of a class of suits, it does not necessarily follow that it may hear and determine the particular case submitted for its consideration.   This right may be and is oftentimes dependent upon other matters, the determination of which is necessary before the court's right to adjudicate the issues involved can be definitely ascertained. [St. Louis v. Waterman, 277 Mo. l. c. 226.]   Conceding, therefore, the court's general authority to entertain and adjudicate cases belonging to the class of that at bar, it is pertinent to consider whether any other facts disclosed by the allegations of the petition preclude the court from hearing and disposing of the case, or in short, if the allegations made impose that duty.

II.   This is an equitable proceeding and the general rule applicable thereto as concerns the parties, is

that all persons materially interested, whether legally

**Misjoinder.** or beneficially, in the outcome of the action, should be joined therein in that all those necessary to a final determination of the issues should be before the court. [Norton v. Reed, 253 Mo. 236; Breimeyer v. Bottling Co., 136 Mo. App. 84; S. W. Bell Tel. Co. v. State, 75 Okla. 42, 181 Pac. 487; Florida Phosphate Co. v. Anderson, 50 Fla. 501; 16 Cyc. 181.]

Our code gives express approval to this rule as applied to all classes of cases, as follows: "All persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs, except as otherwise provided in this article." [Sec. 1157, R. S. 1919.]

An interpretation of the rule in other jurisdictions and of the statute which may be measured by a like canon of construction, is that the joinder of parties is permitted when the cause of action is common to all of the plaintiffs and the right under which they claim is the same as to each, and the complaint of all is against the same defendant for the doing of acts which effect all alike. [Rafferty v. Cent. Tr. Co., 147 Pa. St. 579, 30 Am. St. 763; Jones v. Rowbotham, 47 N. J. Eq. 337, 19 L. R. A. 663.] Do the allegations of the petition meet the requirements of this modification of the rule and come within the permissive purview of our statute? As we have heretofore stated this is an action sounding in equity to impress property with a trust and recover alleged overcharges. It is made up of legal claims arising out of several contracts made by the respective plaintiffs with the defendant Railway Company. Only in a general way is the character of the transactions identical, viz.: they are contracts for shipments. Otherwise, neither as to places or times of execution of the contracts, or of performance of the duties imposed are they the same. They lack, therefore, that general uniformity as to their essential features necessary to authorize a joinder of the plaintiffs, in equity, under the

rule, unless it be claimed that this procedure is necessary and authorized to avoid a multiplicity of suits.

This question has been exhaustively considered by the Supreme Court of Mississippi, in Tribette v. Ill. Cent. Ry. Co., 70 Miss. 182, 35 Am. St. 642, l. c. 644, where the court in ruling on a demurrer to a petition in an action in which a number of plaintiffs were joined on the sole ground that their several actions at law involved the same matters of fact and law without any community of interest between them, held in effect, that: "Where each of several may proceed or be proceeded against in equity, their joinder as plaintiffs or defendants in one suit is not objectionable; but this is a very different question from that, whether, merely because many actions at law arise out of the same transaction or occurrence, and depend on the same matters of fact and law, all may proceed or be proceeded against jointly in one suit in chancery; and it is believed that it has never been so held, and never will be, in cases like those here involved. Where each of several parties may proceed in equity separately, they are permitted to unite and make common cause against a common adversary, and one may implead in one suit in equity many who are his adversaries, in a matter common to all in many cases, but never when the only ground of relief sought is that the adversaries are numerous, and that the suits are not in themselves matter of equity cognizance. . . . There must be some recognized ground of equitable interference, or some community of interest in the subject-matter of controversy, or a common right or title involved to warrant the joinder of all in one suit; or there must be some common purpose in pursuit of a common adversary, where each may resort to equity in order to be joined in one suit; and it is not enough that there 'is a community of interest merely in the question of law or of fact involved.'"

*Multiplicity of Suits.*

From this general discussion of the subject in the Tribette case, the following general rule may be deduced: That equity will not interfere to prevent a multiplicity of suits unless the questions involved are of equitable cognizance. The mere fact that there is a community of interest in the questions of law and fact presented by a given controversy, or in the kind and form of relief demanded by or against each of several individuals, will not warrant such interposition. In addition to cases cited in the Tribette case, the curious will find a like doctrine announced in an extended note to Woodward v. Seely, 11 Ill. 157, 50 Am. Dec. 445. The rule is even more succinctly stated in Murphy v. Mayor, 6 Houst. 108, 22 Am. St. 345 and note, and Southern Mich. Lbr. Co. v. McDonald, 57 Mich. 292, in which it is said: ''That equity will not entertain jurisdiction when the only object is to obtain a consolidation of actions, or to save the expense of separate actions, or where the claim of right rests on a mere question of law.''

As we said in State ex rel. Barker v. C. & A. R. R. Co., 265 Mo. 1. c. 686, each claim for overcharges is a suit within itself. We have here, as in that case, separate and distinct causes of action in a single proceeding, the establishment of each of which will require different proof. Although in the Barker case, the facts are in many respects not parallel with those at bar, the general equitable rule there invoked is applicable here to the effect that, although persons similarly situated may sue in the name of a class, the rule has no application where the establishment of their respective claims is dependent upon different proof.

III. In holding against the plaintiffs' collective right to sue, there is involved an affirmative ruling as to the misjoinder and defect of parties which are characteristics of plaintiffs' incapacity, as sought to be maintained in this proceeding.

288 Mo.—31

The pendency of a like suit in the Federal court is also urged as a ground of demurrer. This contention would be entitled to consideration so far as such priority of jurisdiction is disclosed by the petition, provided our holding as to the incapacity of the plaintiffs to sue in the manner herein, did not, as it does, result in an affirmance of the ruling of the circuit court. This contention, therefore, as well as others urged in the briefs in support of and against the demurrer, does not demand a review.

*Pending Suit.*

The judgment of the circuit court is, therefore, affirmed. All concur.