A. G. BIGELOW, APPELLANT, VS. ROBT. L. STRINGFELLOW, APPELLEE.

1. A decree of foreclosure against a person alleged to be a subsequent incumbrancer and who is shown by the pleadings and testimony to have parted with his lien on the property covered by the bill before he was made a party to the suit, and who does not appear to have had any other interest in the property, is errroneous. So is a decree giving such party a right to redeem against the complainant's mortgage : a dismissal of the bill as to him is proper.

2. Where a person applies to be made a party to a suit in equity and an order is made that the cause stand over, with liberty to the complainant to amend his bill, by adding proper parties, if he should be so advised, such order does not make the applicant a party to the bill, nor create a *lis pendens* as to him prior to his being made a party.

3. Though where a person who is made, at his own suggestion, a party to a suit in equity, has, as is shown by the record, parted with his interest in the property in litigation before being made a party, the bill should be dismissed as to him, yet he should be required to pay all costs occasioned by his action.

Appeal from the Circuit Court for Columbia county.

The facts of the case are stated in the opinion of the court.

*C. R. King* for Appellant.

*S. Y. Finley* and *F. E. Hughes* for Appellee.

RANEY, C. J.: On the 16th day of March, 1883, Henry P. Stringfellow executed to Robert L. Stringfellow a promissory note of $600, principal, and deed of mortgage on certain described lands situate in Columbia county to secure the payment of the note. On the 15th day of July, 1884, the mortgagee filed a bill in equity in Columbia county Circuit Court against George M. Whetstone, as administrator of the estate of said Henry P., who had died in the interim. A copy of the note and the original mortgage are annexed to the bill as a part thereof.

At a subsequent stage of the proceedings, on March 16th, 1885, Bigelow, the appellant, filed a petition alleging *inter alia* that he had obtained two decrees of foreclosure, dated respectively February 21st and March 2d, 1885, and praying to be allowed to become a party to the Stringfellow suit, and on the 17th of said month of March the Chancellor made an order that the cause stand over with liberty to.

complainant to amend his bill by adding proper parties, if he should be so advised.

On July 11th the complainant, Robert L., filed an amended bill against Whetstone, as administrator, and Margaret L. Stringfellow, as administratrix of the intestate, Henry P., and against Bigelow. It alleges the making and delivery of the note, and of the mortgage to secure the same, by the intestate and that the mortgage was duly acknowledged for record and recorded in the office of the Clerk of the Circuit Court of Columbia county on July 20th, 1883, and that Bigelow has or pretends to have two mortgages upon the lands covered by the above mortgage deed, and charging that they are both junior incumbrances to complainant's mortgage.

To the amended bill Bigelow filed a plea and afterwards an amended plea. The amended plea is in substance as follows: That H. P. and M. L. Stringfellow on March 10th, 1882, executed to defendant their joint mortgage on certain described lands, which was foreclosed and decree rendered on February 11th, 1885, for $1,140.32. That on October 8th, 1883, H. P. Stringfellow executed to defendant a mortgage on other described lands. That these mortgages were duly acknowledged and recorded in the records of Columbia county on October 22d, 1883. That the latter mortgage was foreclosed and decree rendered March 2d, 1885, for $781.61. That these several tracts of land were sold in pursuance of the two decrees on the 6th of April, 1885, and 4th of May, 1885, and J. D. Taylor was the purchaser for a valuable consideration, he being a *bona fide* purchaser. That complainant's mortgage covers the lands included in defendant's mortgages, but defendant denies that complainant has a superior lien to defendant for the reason that complainant's mortgage has never been acknowledged and recorded, as is required by law, and consequently imparts no notice to

defendant. That defendant had no actual or constructive notice of the pretended mortgage of complainant until long after his own mortgage had been recorded. That the pretended acknowledgment of complainant's mortgage was made and executed in *Columbia* county before one Geo. H. Rich, who represented himself as deputy clerk of J. A. Carlisle, Clerk of the Circuit Court of Alachua county, " who had no jurisdiction in Columbia county,- and whose pretended official conduct is without the seal of any court of record."

These facts are plead in bar of any decree of foreclosure against defendant as to the lands covered by his mortgage.

The demurrer to this plea having been overruled, the complainant took issue upon it, and the case was referred to an examiner to take testimony. Upon final hearing the Chancellor made a decree of foreclosure and sale in favor of complainant, with certain rights of redemption in favor of Bigelow.

Whether the record of the mortgage is legal and constitutes notice of its contents is a question upon which, as of a number of others suggested by the transcript before us, we are relieved from expressing an opinion by the fact that it appears by the plea, and from the testimony of both Bigelow and J. D. Taylor, that Taylor became the purchaser of the lands covered by Bigelow's mortgages at the sales made in April and May, 1885, under the decrees of foreclosure and sale rendered upon such mortgages and mentioned in the plea. From the plea and testimony we understand that a sale of the lands covered by Bigelow's mortgages was perfected, and that the title to them was, as against the parties to such decrees, in Taylor prior to the filing of the amended bill by which Bigelow was made a party; and this being so, Bigelow has no interest in these lands, nor is he shown to

have any in any land covered by complainant's mortgage. The sale to Taylor released the land from the claim of Bigelow under his mortgages and decrees; this is so notwithstanding the fact that it did not sell for enough to satisfy the decrees.

The order made on Bigelow's petition did not, of itself, make him a party to Stringfellow's bill, nor did he become such for some months after, when the amended bill had been filed. The doctrine of *lis pendens* is regarded with no partiality by the courts, and cannot, upon the facts of this case, be assumed by us to apply to Taylor, who purchased before Bigelow became a party to the suit, and is not himself a party to it, but of whose rights in the premises the complainant has been aware ever since the plea was filed. Leading Cases in Equity, vol. 2, Pt. I p. 192, *et seq.*, (Le Neve vs. Le Neve); Clarkson vs. Morgan, 6 B. Mon., 441; Hayden vs. Buckin, 9 Paige, 507; Fenneck's adm'r, vs. Macey, 2 B. Mon., 269; Baldwin vs. Love, 2 J. J. M., 489; Miller vs. Newman, Bailey's Eq., 479; Carr vs. Callaghan, 3 Littell, 365: Leitch vs. Wells, 47 N. Y., 385; Parks vs. Jackson *et al.*, 11 Wend., 442; Miller vs. Sherry, 2 Wall., 237.

To adjudicate the questions presented by this record, as it has been made up, between Bigelow and the complainant, would, it seems to us, be not only an idle ceremony, but an injustice to Taylor.

Bigelow having shown that at the time of the filing of the amended bill he had no interest in the land covered by his mortgages, and having failed to show any interest in the other land covered by complainant's mortgage, the bill should have been dismissed as to him, but at his cost, for he has occasioned the costs incidental to the issues between him and the complainant, and should, in good conscience, pay the same.

The administrator and administratrix of the mortgagor

have not appealed, and as to them the decree will stand, but such parts of it as grant relief against or in favor of Bigelow, will, to this extent, be reversed, and he will be required to pay the costs of this appeal, and the other costs occasioned by him in the litigation. It will be so decreed.