NATHANIEL R. GIBSON AND BRYCE BAKING COMPANY, A CORPORATION, APPELLANTS, v. HENRY E. TUTTLE, AS RECEIVER OF THE ESTATE OF JULIA D. TUTTLE, DECEASED, APPELLEE.

1.  The general rule in equity is that all persons materially and directly interested, either legally or beneficially, in the subject matter of a suit must be made parties so that a complete decree may be made binding upon all parties.

2.  Where proceedings in equity are brought to cancel deeds conveying title to real estate as being a cloud upon the

title of the complainant, all warrantors whose deeds are sought to be canceled should be made parties.

3.  A receiver of the estate of a deceased person who has no title to the lands is not the proper party plaintiff in proceedings to remove a cloud from the title to the land.

This case was decided by Division A.

Appeal from the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the Court.

*M. D. Price* and *T. H. Rand, Jr.,* for Appellants;

*W. W. Erwin,* for Appellee.

WHITFIELD, J.: On September 2nd, 1905, the appellee, as complainant, filed a bill in the circuit court for Dade county against the appellants, in which it is alleged that the complainant was duly appointed receiver of the estate of Julia D. Tuttle, deceased, by the order of the judge of the circuit court for the seventh judicial district of Florida, under date of August 29th, 1901; that complainant has duly qualified as such receiver and entered upon the discharge of his duties; that Julia D. Tuttle died seized of certain described lands; that on April 8th, 1899, one E. L. White, as commissioner appointed by the county judge of Dade county, Florida, executed and delivered to the defendant, Nathaniel R. Gibson, a deed to the land for a consideration of one dollar; that said deed was recorded in the record of Dade county; that said al-

leged sale and conveyance from said Commissioner E. L. White to said Nathaniel R. Gibson was never authorized by the county judge of Dade county, Florida; that said sale and conveyance were never reported by said commissioner to the county judge and were never ratified by said county judge; that Nathaniel R. Gibson and his wife, on June 16th, 1902, by warranty deed, conveyed the land to Peter F. Bryce, which deed was recorded; that Peter F. Bryce and his wife, by warranty deed, conveyed the land to the Bryce Baking Company, a corporation, which deed was recorded; that by virtue of said deeds from White to Gibson, and from Gibson to Peter F. Bryce, and from Peter F. Bryce to the Bryce Baking Company, the said Bryce Baking Company claims to own said land, and complainant claims that each and every of the said deeds are clouds upon the title of complainant to said land; that by virtue of said deeds the said Bryce Baking Company claims to own said described real estate, together with riparian rights and the submerged land lying between said real estate and the channel of Biscayne bay; that each of said deeds was made with intent to cloud the title of the estate of Julia D. Tuttle, deceased; that said cloud tends to depreciate the value of said land and to interfere with the sale thereof for the payment of the debts of said estate or any disposition which the court may order in the administration of the said estate of Julia D. Tuttle, deceased; that complainant claims title, both legal and equitable, to the land and to the land between high and low water mark at the front of said lands and to the submerged land out to the channel of Biscayne bay to be in the estate of Julia D. Tuttle, deceased, as against the said defendants; that

defendants claim an adverse interest or estate therein, but have taken no action at law to establish such estate or interest; that by order of the circuit court judge, date .............., 1905, complainant has been fully authorized as receiver aforesaid to bring and maintain this suit. The prayer is for a cancellation of the deeds from White to Gibson, from Gibson and wife to Peter F. Bryce, and from Bryce and wife to the Bryce Baking Company.

It does not appear that the complainant, as receiver, has title to the lands, nor is the order of the court referred to as authorizing the complainant, as receiver, to bring the suit before us. The court does not see that the complainant is entitled to maintain this suit as receiver. Besides this, the bill asks for the cancellation of a succession of deeds of conveyance of the land by White to Gibson, from Gibson and wife by warranty deed to Bryce, and from Bryce and wife by warranty deed to the Bryce Baking Company. Gibson and the Bryce Baking Company are made parties, but neither Peter F. Bryce nor his legal representatives are made parties to the suit. So far as appears by this transcript Peter F. Bryce is bound by his warranty in the deed to the Bryce Baking Company, and besides it is charged in the bill of complaint that "each of the above described deeds were made with intent to cloud the title of the estate of Julia D. Tuttle, deceased, and the said real estate in its beneficial enjoyment." The charge includes the deed made by Peter F. Bryce and wife to the Bryce Baking Company, and Bryce is not made a party to the suit to meet the charge. Even if such a thing be legally or equitably proper as a *receiver* of the lands of a decedent's estate, he can have no such interest in or title to such lands or delegation of such

authority over the same, as to enable him to maintain a bill to remove a cloud from the title thereto, but the heirs or devisees would be necessary parties. The complainant does not appear to have a right to maintain this suit, and the bill shows that one of the parties who executed a warranty deed in the chain of title it is sought to have canceled, and who is charged with executing the deed with intent to cloud the title, is not before the court, and no one appears to represent his interests in the suit.

The general rule in equity is that all persons materially and directly interested, either legally or beneficially, in the subject matter of a suit must be made parties so that a complete decree may be made binding upon all parties. See Indian River Manufacturing Co. v. Wooten, 48 Fla. 271, 37 South. Rep. 731, and authorities cited; Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, text 514, 520, 39 South. Rep. 392, and authorities cited; Worley v. Dade County Security Co., 52 Fla. 666, 42 South. Rep. 527.

All the necessary parties to the suit are not before the court, therefore the decree is reversed and the cause is remanded for proper parties.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.