WEST COAST LUMBER COMPANY, A CORPORATION, *Ap-
pellant*, v. WILLIAM D. GRIFFIN, *Appellee*.

54    621
56    787

1. In suits for the removal of clouds from title as a general rule,
an allegation in the bill that complainant is the owner in fee
of the lands in question, and in the actual possession thereof,
or that the lands are wild, unimproved, or unoccupied, if
such be the case, is sufficient, without setting out in detail the
facts showing such ownership, as ownership is the ultimate
fact and the others are mere evidentiary facts. If, however,

in addition to an allegation of ownership in fee, the facts which constitute the title, of whatsoever nature they may be, are also set out, and such facts show title not to be in the complainant, a demurrer to the bill will lie.

2. In a suit for the removal of clouds from title, grantors without warranty in certain deeds which are sought to be cancelled and removed as clouds, who have parted with whatever claim to the lands in question they may have had or asserted, are not necessary or indispensable parties defendant.

3. Under the provisions of Rule 18, supreme court rules, adopted March 2, 1905, no objection will be allowed to be taken in the appellate court to the admissibility of any evidence, oral or documentary, found in the record in a chancery cause, unless the record affirmatively shows that the objection thereto was presented to the chancellor, and expressly ruled upon by him in the court below, at or before the final hearing of the cause. Every matter purporting to be evidence found copied by the clerk into the record in such causes will be presumed to have been used in evidence in the court below, unless the record affirmatively shows the contrary.

4. Where a decree is rendered in a chancery cause, some material portions of which are so vague and obscure as to make it difficult, if not impossible, to determine just what was intended to be decided thereby, and where the evidence copied in the transcript is far from satisfactory or conclusive, being not only conflicting but shadowy and uncertain, so that an appellate court is left in such doubt as to preclude the making of a just decree, and it appears that other material evidence exists which has not been adduced, the decree may be reversed and the cause remanded, with directions that it be referred back to the master for the taking of further testimony before him.

This case was decided by Division A.

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Davis & Sandford* and *Hendry & McKinnon,* for appellant;

*H. J. McCall* and *L. W. Blanton,* for appellee.

SHACKLEFORD, C. J.—On the 3rd day of September, 1906, the appellee filed his bill in chancery against the appellant in the circuit court for Taylor county, alleging therein, in substance, that he was the owner in fee and in the possession of certain described lands, the source of the complainant's title and the different links in the chain thereof being particularly set forth; that the executors of the last will and testament of Neal Hendry, deceased, undertook to sell the lands in question to W. B. Stephens by a deed of conveyance dated the 31st day of December, 1895, which was not recorded until the 3rd day of March, 1903; that on the 25th day of April, 1900, the said Stephens and wife executed a deed to the lands to J. W. Oglesby, attorney, who, on the 23rd day of April, 1900, executed a deed to the same to the defendant, who claimed such lands under the foregoing conveyances; that during the time such conveyances were being executed and up to and at the time of the filing of the bill the complainant was in possession of the lands, engaged in farming thereon. The relief prayed for in the bill was the removal and cancellation of all of said conveyances as clouds upon the complainant's title and for general relief.

To this bill the defendant interposed a demurrer, which was overruled, and the defendant then filed an answer, in which practically all the material allegations of the bill were denied. A replication was filed to the answer, and a special examiner appointed by the court to take the testimony in the case.

On the 24th day of May, 1907, the case came on for

a final hearing before the court and a final decree was rendered in favor of the complainant. From this decree the defendant has entered an appeal to the present term of this court.

The first error assigned is based upon the overruling of the demurrer to the bill. Ten grounds are specified in the demurrer, the first being that there is no equity in the bill and the tenth being to the effect that the executors of the last will and testament of Neal Hendry, deceased, W. B. Stephens and his wife and J. W. Oglesby, attorney, were all necessary and indispensable parties. The other grounds are based upon certain alleged defects, which are specified, in the statements or allegations in the bill as to the source of the complainant's title and the links in the chain thereof. In view of the conclusion reached, it becomes unnecessary to set forth the various grounds in detail. The law is well settled that in suits for the removal of clouds from title, as a general rule, an allegation in the bill that complainant is the owner in fee of the lands in question, and in the actual possession thereof, or that the lands are wild, unimproved, or unoccupied, if such be the case, is sufficient, without setting out in detail the facts showing such ownership, as ownership is the ultimate fact and the others are mere evidentiary facts. In other words, neither the source of complainant's title nor the links in the chain thereof are required to be alleged. See 17 Ency. of Pl. & Pr., 328, and authorities there cited. It may be true that in certain cases it would be very convenient, even if not necessary, that the bill should contain a full statement of facts constituting the source of complainant's title and of the links in his chain. Goldsmith v. Gilliland, 10 Sawy. (U. S.) 606, text 611, 22 Fed. Rep. 865. It is further true that, if in addition to alleging ownership in fee, the facts which constitute the

title, of whatsoever nature they may be, are also set out, and such facts do not show title in the complainant, a demurrer to the bill will lie. 17 Ency Pl. & Pr. 329, and authorities cited in note 3. This is in line with the principle enunciated by this court in Barco v. Doyle, 50 Fla. 488, 39 South. Rep. 103, and Durham v. Edwards, 50 Fla. 495, 38 South. Rep. 926. A careful examination of all the allegations in the bill fails to disclose to us any inconsistent or contradictory statements as to the title. The facts alleged by the complainant concerning the source of his title and the links in his chain are entirely consistent with the allegation of his ownership in fee. Neither does it appear from the allegations of the bill that any of the conveyances, the cancellation of which is sought, contained covenants of warranty, therefore the principle enunciated in Gibson v. Tuttle, 53 Fla. 979, 43 South. Rep. 310, to the effect that all warrantors whose deeds are sought to be cancelled should be made parties, is not applicable. No error was committed in overruling the demurrer.

All of the other assignments, with the exception of the eighth and ninth, are based upon the admission or exclusion of certain alleged evidence. None of these assignments are properly before us for consideration, for the reason that the record does not affirmatively show that the evidence claimed to have been erroneously excluded was offered before the chancellor and rejected by him, or that the objections to the evidence claimed to have been erroneously admitted were presented to and expressly ruled upon by the chancellor, at or before the final hearing of the cause. See rule 18 of this court, adopted March 2nd, 1905, and found on page 11 of the Rules of the Supreme Court prefixed to 51 Fla. Also see Skinner v. Campbell, 44 Fla. 723, 33 South. Rep. 526, and Stockton v. The National Bank of Jacksonville, 45 Fla.

590, 34 South. Rep. 897. The final decree in the instant case was rendered on the 24th day of May, 1907. On the 29th day of June, 1907, an order was made, which we find copied into the transcript as follows:

"This matter came upon this day to be heard, and after an inspection of the evidence by the court, I, B. H. Palmer, judge of the above styled court, hereby certify that at the final hearing of the above styled cause, that I had the counsel for complainant mark my rulings upon all the objections to evidence and motions to strike evidence, and from an inspection of the evidence before me, I find that said attorney for complainant marked the objections and motions that were overruled in some places 'over-ruled,' 'over' and 'ove,' and the objections and motions that were sustained he marked in some places 'sus,' and others simply marked with an 's,' in the margin opposite or right next to the objection, I further certify that where the word overruled or the letter 'over' or 'ove' appear on the margin of the evidence, right against any objection or motion to this evidence, that it means and signifies that said evidence was before me on the final hearing of the case, and that the objection to the evidence or motion to strike evidence was by me overruled; and where 'sus' or 's' appears in the margin right against any objection, that it means that the objection and motion and evidence was before me and considered by me and was sustained, and that such objection and motion in every instance were ruled upon by me when said cause was before me as chancellor at the final hearing.

Witness my hand this 29th day of June, A. D. 1907.

B. H. PALMER, *Judge.*"

We find no such marks or designations in the transcript as those referred to in such order, and in no way is it made to appear in the transcript what rulings, if

any, were made by the chancellor upon the evidence, either in the way of admitting or rejecting it. This being true, under the cited rule and decisions, we must assume that every matter purporting to be evidence found copied by the clerk into the record was used in evidence by the court below.

The eighth and ninth assignments are to the effect that the court erred in rendering a final decree in favor of the complainant.

Omitting the formal parts, the decree is as follows:

"This cause came on for further hearing upon the pleading and proofs and was argued by the solicitors and submitted for final decree—and upon consideration the court finds that the deed of conveyance of the defendants from W. B. Stephens and wife and from J. E. Hendry & N. C. Hendry as executors of Neil Hendry are all void, and that it is a presumption of law that the balance due on the three promissory notes of A. A. Griffin to Neil Hendry have been paid, the court finds the equities of the case with the complainant. It is there upon ordered and decreed that the prayer of the bill be granted and that the deed of conveyance by J. E. Hendry and N. C. Hendry, executors of the estate of Neil Hendry deceased to J. H. Stephens and bearing date of 31st day of December, 1895, and the deed executed by J. H. Stephens and wife Clifford Stephens to J. W. Oglesby, Atty., dated 25th day of April, 1900, and the deed executed by J. W. Oglesby, Atty., to the defendants, The West Coast Lumber Company, a corporation, to the following lands to-wit: as follows to-wit: The south west quarter of the north east quarter, the east half of the southeast quarter, the north west quarter of the south east quarter and the north east quarter of the south west quarter of section thirteen (13) and the north east quarter of the north east quarter of section

twenty-four (24) in township five (5) south of range seven (7) east. Also the south west quarter of the south west quarter of section eighteen (18) and the north half of the north west quarter of section nineteen (19) in township five (5) south of range eight (8) east, containing in all three hundred and sixty acres more or less, be and the same are hereby decreed to be in the complainant Wm. D. Griffin; that the defendant The West Coast Lumber Company, a corporation has no right, title, property, interest or estate in said lands or any part thereof be cancelled and set aside and ordered surrendered for cancellation as cloud upon the title of the complainant which is hereby removed.

Done and ordered at chambers this 24th day of May, 1907.

B. H. PALMER, Judge."

An inspection thereof discloses that it was not very carefully prepared, to say the least of it, but we can glean sufficient therefrom to ascertain that it was intended to be in favor of the complainant, though some portions of it are vague, if not unintelligible. We have given all the evidence copied in the transcript our most careful consideration and find it far from satisfactory or conclusive. The source of complainant's title is the following paper:

Sandy Ford, Florida, June 28th, 1859.

Received of A. A. Griffin and Benj. R. Smith, eight hundred dollars as part payment on their promissory note given to Neal Hendry or bearer and dated January 6th, 1859, and made payable Nov. 1st, 1859, for the sum of fifteen hundred dollars, said notes being given for stock of cattle marked swallow fork in one ear and upper

square in the other and branded T. L. and three hundred and sixty (360) acres of land described as follows, to-wit: The sw¼ of ne¼ and ne¼ of the sw¼ and n½ of se¼ and se¼ of se¼ of section 13, township 5, range 7 s. and e. And the ne¼ of ne¼ of section 24, township 5, range 7. The sw¼ of sw¼ of sec. 18, township 5, range 8; the n½ of nw¼ of section 19. All being and lying in Taylor Co., Florida, and upon payment in full of their three promissory notes I am to make a warranty deed to land described herein and a bill of sale to cattle described in.

Attest:                              NEAL HENDRY (L. S.)
  JACOB C. BUGG.
  J. W. ONEAL."

The original of this paper was sent up to us for inspection, under an order of the court below, and we have carefully examined the same and find nothing whatever suspicious on its face that would indicate that it was not a genuine paper. As to whether or not any deed was ever executed in pursuance of the agreement contained therein we are not advised, as there is no evidence upon this point. As to the possession of the lands in question, and as to the character of such possession subsequent to the execution of the agreement, or as to just what portions of the lands were in the actual possession of any one, the evidence is not only conflicting but shadowy and uncertain. We do not care to say more concerning the evidence for the reason that we are of the opinion that both the complainant and defendant have failed to adduce material evidence in their possession, and for the further reason that various rulings were made on the evidence that was offered and, as we have already said, we are unable to tell what such rulings were. The language used by this court in Graham v.

Florida, Land & Mortg. Co. Limited, 33 Fla. 356, text 368, 14 South. Rep. 796, text is directly in point here:

"While it clearly appears from the proof that some small portions of the lands were occupied, the court was left without the means of ascertaining the particular portions that were occupied; and hence no decree based upon the rights of the parties could have been made in reference to the lands left in such uncertainty. The court should, we think, have referred the case back to the master for the purpose of definitely ascertaining the portions of the lands that were occupied."

As was held in Fuller v. Fuller, 23 Fla. 236, last headnote, 2 South. Rep. 426:

"Where there is such an insufficiency of testimony as to preclude making a just decree, and the points are covered by the pleadings, and are such that there can be no doubt that testimony exists as to them the cause will be remanded with directions to take further testimony on such points."

It is of the utmost importance in this, as in all cases, that justice should be administered. For the reasons pointed out, the decree is reversed and the cause will be remanded with directions that it be referred back to the master for the purpose of permitting the respective parties litigant to offer such further testimony before him upon the issues as they may be advised is proper and necessary, and also for further proceedings in accordance with this opinion.

The costs of this appeal will be borne equally by each party.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.