LULA F. FAIN, CHARLES M. FAIN, WILL L. FAIN, GEORGE G. FAIN, HENRY E. WILLIAMS, adults, and ELIZA RUTH FAIN and CLARENCE S. FAIN, minors, *Appellants*, v. WALTER S. ADAMS, *Appellee*.

En Banc.

Opinion filed April 10, 1929.

*Henry E. Williams* and *Whitaker, Himes & Whitaker,* for Appellants;

*Macfarlane, Pettingill, Macfarlane & Fowler,* for Appellee.

ELLIS, J.—This is a suit to quiet the title to certain lands in Hillsborough County. The suit was begun by Walter S.

Adams against the appellants, all of whom except Lula F. Fain and Henry E. Williams are the children and heirs at law of Will M. Fain who died in December, 1916. Lula Fain is his widow and Henry E. Williams acquired the interest of Daniel Fain as heir to Will M. Fain. Eliza Ruth and Clarence S. Fain are minors. A guardian *ad litem* was appointed for them.

The facts alleged as constituting the basis for relief and which are admitted by the demurrer interposed to the bill are in substance as follows: In March, 1910, Will M. Fain held legal title to the described lands which he acquired from R. S. and T. C. Hall; that Eugene Holtsinger was interested and paid $5,000.00 of the consideration of $14,-937.50, Fain executing his notes for the balance and taking the title in his own name. The deed was duly recorded.

In December, 1915, Fain, at the request of Holtsinger, agreed in writing with Max Simons to sell the property to the latter, the agreement to expire in April, 1916. The option was not exercised by Simons and on the 17th of April, 1916, Walter S. Adams, the appellee in this case, obtained an option to purchase the property from Holtsinger. In June, 1916, Holtsinger and Adams entered into another agreement in which Holtsinger represented that the title to the land was held by D. W. Meek in trust for him and in which Adams agreed to exercise his option to purchase the land and to assume certain mortgages upon it, the deed to be made by Meek. Holtsinger procured the deed from Meek, dated July 1, 1916, and the same was recorded July 25, 1916.

A deed was executed by Will M. Fain and wife, dated April 25, 1916, conveying the lands to Meek. Adams in May, 1924, conveyed the land to Ella C. Chamberlain by warranty deed. That deed was duly recorded in June, 1924.

In November, 1924, the appellants in this cause exhibited their bill of complaint against Ella C. Chamberlain in which it was alleged that they owned the fee simple title to the land as the heirs of Will M. Fain, deceased, who died in December, 1916, and who owned the fee simple title to the land on that date; that the lands were wild and unoccupied and in the possession of no one save the complainant as constructive possessors by virtue of their ownership. Ella C. Chamberlain was the sole defendant. The purpose of the suit was to quiet the complainants' title to the land and that the defendant disclose the nature and character of her claim to the property.

She answered in February, 1925, that she acquired the land by a deed of conveyance with full covenants of warranty from Walter S. Adams and wife in May, 1924; that she continued to be the owner of the land until December 30, 1924, when she reconveyed the property to Adams by special warranty deed, which was duly recorded, and that in consequence she was no longer owner of the property.

The complainants in that suit joined issue upon the answer and proceeded to take testimony.

A final decree was entered on June 8, 1925, in which it was decreed that the complainants had established the allegations of their bill and were entitled to the relief prayed; that they were the owners of the fee simple title to the land; that the deed from Adams to Ella C. Chamberlain conveyed no title; that the .deed from Fain and wife to Meeks in April, 1916, was never in fact delivered by Fain, and no title or interest in the land was conveyed to Meek thereby.

The bill in this case by Adams, who is appellee here, had for its object the removal of the cloud upon complainant's title; that he be decreed to be the owner in fee simple of the land free and discharged of any claim of title on the

part of the defendants as heirs of Will M. Fain and that they be restrained from interfering with complainant's possession and enjoyment of the premises.

The defendants demurred to the bill upon the general ground of a lack of equity; that the decree rendered on June 8, 1925, in the cause where the defendants were complainants and Ella C. Chamberlain was defendant is binding upon the complainant and the decree constitutes *res adjudicata* against the complainant; that it appears that the complainant acquired title to the property *pendente lite* from Ella C. Chamberlain and is charged with the result of that suit and that he had his remedy by appeal.

The demurrers were overruled from which order the defendants appealed.

As to the contention made by the defendants below in their demurrer that Adams, the complainant in this cause, acquired the title to the property from Ella C. Chamberlain *pendente lite* in the cause against her, the bill contains the following allegations:

Your orator further avers that, as hereinbefore set forth in Paragraph III, after the suit instituted by the defendants as aforesaid was begun the defendant, Ella C. Chamberlain, required your orator to transfer back to her the consideration received by him for the conveyance in said described property, and reconveyed to him by deed the same property which he had theretofore conveyed to her by warranty deed, and which was the subject matter of said suit, which said deed is recorded in Deed Book 465 at page 477 of the public records aforesaid; that by such reconveyances your orator re-acquired the title to said property he had originally possessed at the time of his conveying of the same to said Ella C. Chamberlain by the warranty deed hereinbefore referred to, but, as such reconveyance was

made pending the suit brought by the defendants herein as aforesaid, the title thus reacquired would have been subject to the result of said suit, had it not been for the obligations imposed by the covenants of warranty contained in his original conveyance to said Ella C. Chamberlain, and the right acquired thereby not to have the title so claimed by him divested, without being made a party to a suit brought for that purpose, so as to be given an opportunity to sustain and make good the covenants of warranty so entered into by him.

The appellee says that the reconveyance to him by Ella C. Chamberlain under the circumstances did not operate as if he were a stranger to the title purchasing the property for the first time during the pendency of the suit, but on the other hand the title merely reverted to that held by him at the time of his conveyance to Mrs. Chamberlain and the defendants who were complainants in that suit being so advised by Mrs. Chamberlain's answer should not have proceeded with the cause without making the appelle a defendant; that after such answer he became a necessary party in order to bind him by the decree; that the *lis pendens* which had been filed in the cause was not binding on him under the circumstances.

Adams was bound by his covenant of warranty to protect the title in Mrs. Chamberlain, but that was a matter between him and his grantee under the covenant. His interest had no relation to the title. When she was sued and that title assailed she required her grantor to return the consideration he had received for the conveyance and reconveyed the property to him. This fact she averred in her answer and disclaimed any interest in the litigation or the property involved further than to prevent the entry of a decree against her for costs.

Was it the complainant's duty to amend the bill by making Adams a party defendant or was it his duty being notified of the suit against his grantee to intervene and become a party defendant for the purpose of defending his title?

The proposition that a court cannot properly adjudicate matters involved in a suit when it appears that necessary and indispensable parties to the proceedings are not before the court is well settled. See Worley v. Dade County Security Company, 52 Fla. 666, 42 So. R. 527; The Sarasota Ice, Fish & Power Co., et al. v Lyle & Co., 53 Fla. 1069, 43 So. R. 602; Hull v. Burr, 62 Fla. 499, 56 So. R. 673.

When the suit was begun against Mrs. Chamberlain the appellee Adams was a necessary party. See Gibson v. Tuttle, 53 Fla. 979, 43 So. R. 310.

Under such circumstances did he take the title subject to the notice of the *lis pendens* and thereby become bound by the proceedings as if he were a party?

We answer that question in the negative. Adams had parted with his interest in the land when the suit was instituted against his grantee. He had no further interest in the title except in so far as he was bound by his warranty to idemnify his grantee against damages which she might sustain if she was ousted by a superior one. The reconveyance to him by her did not abate the suit against her. He might have brought himself before the court by a supplemental bill in the nature of a cross bill, see Lunt v. Stephens, 75 Ill. 507; Steele v. Taylor, 1 Minn. 274; Haynes v. Rizer, 14 Lea 246; Powell v. Nolan, 27 Wash. 318, 67 Pac. R. 712, as a mere voluntary purchaser from Mrs. Chamberlain *pendente lite* and as such not a necessary party. See Smith v. Inge, 80 Ala. 283; Sprague v. Stevens, 37 R. I. 1, 91 Atl. R. 43.

But his purchase was not altogether voluntary. He was

bound by his warranty to protect her title and therefore materially interested and should have been made a party in the first instance. See Gibson v. Tuttle, *supra,* as cited in West Coast Lumber Co. v. Griffin 54 Fla. 621, 45 So. R. 514.

As he was a necessary party to the suit against Mrs. Chamberlain he was not bound by the decree and had the right to have his title adjudicated.

The order overruling the demurrer is affirmed.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.

BROWN, J., dissents.