WEHLE, Victor O. (Ret.), Associate Judge.
This is an appeal from a final judgment quieting the title of the holder of a tax deed. We affirm.
The appellant raises only two substantial questions. The first of these is the alleged failure of the plaintiff to properly deraign her title in the quiet title action. Section 65.081(2), Florida Statutes, F.S.A., pertaining to quieting tax titles, states as follows:
“When the action is based on a tax deed, the complaint need not deraign title beyond the issuance of the tax deed.”
The appellant claims that the word “beyond” should be construed to require the deraignment of the title prior to the issuance of the tax deed and that the appellee merely deraigned the title since the issuance of the tax deed.
This particular point involved has never been passed upon in Florida. Considering the purpose in requiring a deraignment of title in a quiet title proceeding, it seems obvious to us that the intention of the Legislature here was to require merely the de-raignment of the title after the issuance of the deed and not prior thereto.
The appellant also maintains that the quiet title suit was fatally defective in that various other parties who had or might have claimed an interest in the property prior to issuance of the tax deed were not joined as defendants in the final (second amended) complaint. The appellant was properly made a party to the proceed *724 ings and filed her answer therein and through her attorneys participated in the final hearing before the trial judge. It may be that other persons may still have an interest in the property which has not been quieted as against their claim, but this did not preclude the trial court from proceeding to final judgment against the appellant’s interest, if any, in the property.
PIERCE, C. J., and LILES, J., concur.