394 So.2d 1076 (1981)
E.L. DUNN and John C. Nix, Jr., Appellants,
v.
J.E. STACK, Jr., et al., Appellees.
No. EE-50.
District Court of Appeal of Florida, First District.
March 5, 1981.
Edward T. Barfield of Reeves, Barfield & King, Pensacola, for appellants.
Donald H. Partington of Clark, Partington, Hart & Hart, Robert G. Kerrigan and George Estess of Kerrigan, Estess & Rankin, Allen W. Lindsay, Sr., Pensacola, for appellees.
MILLS, Chief Judge.
Dunn and Nix appeal from an order dismissing for lack of jurisdiction their suit to quiet title of their leasehold interest in oil, gas, and minerals on and under certain property in Santa Rosa County.
There are many confusing facts and facets to the merits of the quiet title claim asserted below which need not be ruled on at this time. Suffice it to say, there was a prior quiet title suit filed by Matthew Barnes, as administrator of the estate of J.E. Barnes. By amended complaint, the *1077 heirs of J.E. Barnes and, perhaps, Thomas "Dick" Ates were joined as parties plaintiff. (The final amended complaint which was ordered by the trial court on 5 July 1972 and alleged in the brief to have been filed on 29 July 1972 is not in the record on appeal. Ates' name is included in the caption of the final judgment. Because the document was not necessary for our determination of the issue before us, we did not order the record supplemented.)
The purpose and result of the prior quiet title action was to clear from the title all of the claims by the named defendants which had come to cloud the title over the years. J.E. Stack, Jr., et al. are alleged to be the successors in title of Ates. E.L. Dunn and John C. Nix, Jr., were not parties to the action.
In a quiet title action, a person who is not a party to the action is not bound by any judgment rendered adverse to his interest. Section 65.041, Florida Statutes (1971). Therefore, the trial court did have jurisdiction to consider the merits of the claim by Dunn and Nix and should not have ordered the dismissal.
Appellees urge that Dunn and Nix should be bound by the earlier judgment because a lis pendens had been filed. No action on real property operates as a lis pendens until a notice of commencement of the action is recorded in the office of the clerk of the circuit court containing, in addition to other requirements, the names of the parties and a statement of the relief sought as to the described property. Section 48.23(1)(a), Florida Statutes (1971). At the time the prior quiet title suit was instituted, only Matthew Barnes, as administrator, was designated as the plaintiff. Although Zeda Barnes, Dunn and Nix's alleged predecessor in title, and, perhaps, Ates were later made parties, the notice of commencement was never amended to reflect that fact. Furthermore, the prayer for relief made no mention of quieting the title of Ates' leasehold interest.
Notice is limited to those matters in dispute between the parties to the action. It has no application to matters not in issue, not pertinent to any issue, and which cannot be determined in the action. Its operation does not extend beyond the prayer for relief. De Pass v. Chitty, 90 Fla. 77, 105 So. 148 (1925).
Even if the proper parties plaintiff had been named in the notice of commencement, that would not have given Dunn and Nix notice that the parties plaintiff might have adverse interests as to title to the property. In addition, the relief sought in the earlier suit was only to have title quieted as between the plaintiffs and the defendants. It did not purport to litigate the possible adverse interests among the plaintiffs.
Accordingly, we conclude that the trial court does have jurisdiction to determine the issues raised by this quiet title suit. We reverse the order appealed and remand to the trial court for further action consistent with this opinion.
LARRY G. SMITH, J., concurs.
BOOTH, J., specially concurs.
BOOTH, Judge, specially concurring:
I agree with the majority that the trial court has jurisdiction to determine the validity of the oil, gas and mineral lease executed by Zeda Barnes Davis to E.L. Dunn, notwithstanding the previous judgment in the quiet title suit dated February 7, 1973, in Case No. 71-C-488, holding Thomas Ates was holder of valid lease to mineral rights in question.[1] Plaintiff Dunn, appellant herein, was not named in that suit, and plaintiff's lessor was not made a party until after the execution and recordation, in January of 1972, of the Dunn lease. The validity of the lease from Zeda Barnes Davis to E.L. Dunn, as against the lease to Thomas Ates, involves questions of law and of fact *1078 which remain to be determined. Facts indicating Dunn's knowledge of the controversy concerning the oil, gas and mineral rights in the property and of the suit at the time he obtained execution of the lease of Zeda Barnes Davis' interest have a bearing on his status as a bona fide purchaser but do not make him subject to the judgment entered in the quiet title suit to which neither he nor his lessor were party.
The doctrine of lis pendens operates to bind non-parties who acquire interest in property pending litigation. The doctrine has been stated as follows:[2]
[O]ne who, with actual or constructive notice of the pending action, acquires from a party thereto an interest in the property, involved in a litigation in a court having jurisdiction of the subject matter and of the person of the one from whom the interest is acquired, takes subject to the rights of the parties to the litigation as finally determined by the judgment or decree. (e.s.)
In the instant case, the Dunn lease was executed and recorded prior to the lessor being made a party. Amendment to the complaint to add the Barnes heirs, including Zeda, as parties in July of 1972 did not relate back to the original filing of the suit in October of 1971. Bigelow v. Stringfellow, 25 Fla. 366, 5 So. 816 (Fla. 1889).[3] Therefore, the previous judgment is not determinative as to the claims of plaintiffs, and the trial court has jurisdiction to determine the cause.
NOTES
[1] That judgment was affirmed without opinion in Sims v. Barnes, 290 So.2d 595 (Fla. 1st DCA 1974).
[2] 54 C.J.S., Lis Pendens, at p. 570.
[3] Bigelow v. Stringfellow, 25 Fla. 366, 5 So. 816, 817 (Fla. 1889):

The doctrine of lis pendens is regarded with no partiality by the courts, and cannot, upon the facts of this case, be assumed by us to apply to Taylor, who purchased before Bigelow became a party to the suit, and is not himself a party to it.
See Blase v. Austin, 362 Mo. 409, 242 S.W.2d 29, 34 (Mo. 1951); 54 C.J.S. Lis Pendens § 34.