DELL, Judge.
Appellants challenge a verdict and final judgment quieting title to real property in the appellee, Boca Raton Land Development, Inc.
In 1973, George B. Liddy and his wife conveyed the subject property to L-U Ventures. In 1974, L-U Ventures, a partnership, conveyed the property to appellee. Initially, George B. Liddy and Lawrence Urbanek each owned fifty percent of the stock of appellee. However, prior to the conveyance which resulted in this quiet title action, Liddy acquired two-thirds of appel-lee’s stock. At all times material to this action Liddy served as president of appellee and Urbanek held no office other than secretary-treasurer. In 1976, Urbanek, without legal authority, signed a deed as president of appellee, affixed the corporate seal and conveyed the property to himself. A number of intermediary conveyances followed finally ending with a conveyance of the property in 1978 by Urbanek to appellants.
In 1980, appellee filed its complaint to quiet title under Chapter 65, Florida Statutes. Appellee named appellants as defendants, but failed to include Urbanek as a party defendant. The complaint alleged that appellants derived their title from the deed which Urbanek executed in 1976; that *414 this deed was void, illegal, defective and fraudulent; that appellants either knew or should have known the nature of their source of title; and that appellants were mere nominees of Urbanek. On the first day of trial appellants moved to dismiss for failure to join Urbanek as an indispensable party. The trial court denied appellant’s motion. The jury found that Urbanek intended to defraud the corporation when he conveyed the property and that appellants should have been aware of the fact that Urbanek conveyed the property wrongfully and without appellee’s authority.
We have considered each of the issues raised by appellant and conclude that the trial court properly denied their motion for a directed verdict. However, appellants’ argument that the court erred in denying their motion to dismiss because of appellee’s failure to join Urbanek as an indispensable party requires discussion.
Appellants rely upon Florida Land Rock Phosphate Co. v. Anderson, 50 Fla. 501, 39 So. 392 (1905) and Gibson v. Tuttle, 53 Fla. 979, 43 So. 310 (1907). The complaint in Gibson asks for cancellation of three successive deeds, each of which was allegedly made with intent to cloud the plaintiffs’ title. The grantor of the third deed was not named as a party defendant. The Supreme Court reversed for failure to include all proper parties:
The general rule in equity is that all persons materially and directly interested, either legally or beneficially, in the subject matter of a suit, must be made parties, so that a complete decree may be made binding upon all parties.
Id. 43 So. at 311.
In Florida Land Rock Phosphate Co., certain defendants had been voluntarily dismissed and were not before the trial court when it entered final judgment quieting title in the plaintiff. The Court independently determined that the dismissed defendants were indispensable parties and sua sponte reversed and remanded for a new trial without expressing an opinion upon the merits of the appeal. The Court reasoned that the dismissed defendants had such an interest in the controversy that a final decree between the parties remaining before the court could not be made without affecting the dismissed parties’ interests.
Appellee responds to appellants’ argument by citing Section 65.041, Florida Statutes (1981) and contends that this statute permits a quiet title action without mandatory joinder of all persons who may have an interest in the property or who may be affected by the judgment.
Section 65.041, Florida Statutes provides: No person not a party to the action is bound by any judgment rendered adverse to his interest, but any judgment favorable to the person inures to his benefit to the extent of his legal or equitable title.
With some reservations we agree with ap-pellee’s argument that the reasons which formed the basis of the Court’s holding in Florida Land Rock Phosphate Co., supra, and Gibson, supra, have been eliminated by Section 65.041, Florida Statutes. The statute removes the binding nature of an adverse quiet title judgment on a non-party. We find support for this conclusion in Markley v. Madill, 259 So.2d 723 (Fla. 2d DCA 1972) and in Dunn v. Stack, 394 So.2d 1076 (Fla. 1st DCA 1981).
In Markley, the Second District rejected the argument that a quiet title action based on a tax deed was defective because of the failure to join various other parties who had or who might have had an interest in the land. The court stated:
It may be that other persons may still have an interest in the property which has not been quieted as against their claim, but this did not preclude the trial court from proceeding to final judgment against the appellant’s interest, if any, in the property.
259 So.2d at 724. The court in Dunn, supra, discussed the effect of Section 65.041, Florida Statutes, and concluded:
The purpose and result of the prior quiet title action was to clear from the title all of the claims by the named defendants which had come to cloud the title over the years. J.E. Stack, Jr., et al. are alleged *415 to be successors in title of Ates. E.L. Dunn and John C. Nix, Jr., were not parties to the action.
In a quiet title action, a person who is not a party to the action is. not bound by any judgment rendered adverse to his interest. Section 65.041, Florida Statutes (1971). Therefore, the trial court did have jurisdiction to consider the merits of the claim by Dunn and Nix and should not have ordered the dismissal.
394 So.2d at 1077.
In this case appellants could have filed a claim against Urbanek and brought him into the lawsuit themselves. However, a resolution of appellants’ claim, if any, against Urbanek was not necessary to quiet the title between appellant and appellee. Although better practice would compel the joinder of all parties claiming or who might claim an interest in land subject to a quiet title action, we hold that the trial court did not err when it denied appellants’ motion to dismiss because appellee failed to join Ur-banek as a defendant. Accordingly, we affirm the judgment quieting title in favor of the appellee.
AFFIRMED.
DOWNEY and LETTS, JJ., concur.